BEVERLY BRODSKY et al., Appellants, v 163-35 NINTH AVE-
NUE CORPORATION et al., Respondents.

Second Department, August 6, 1984

APPEARANCES OF COUNSEL

*McGarvey & Steele* (*Spencer Steele* of counsel), for appel-
lants.

*Barry Manson* (*Cohn & Berk* [*Ronald J. Berk*] of coun-
sel), for respondents.

OPINION OF THE COURT

*Per Curiam.*

The principal issue on this appeal is whether Special
Term properly denied plaintiffs' motion for a *Yellowstone*
preliminary injunction (*First Nat. Stores v Yellowstone
Shopping Center,* 21 NY2d 630), in light of recently en-
acted RPAPL 753 (subd 4) (L 1982, ch 870, eff July 29,
1982). We hold that Special Term properly denied plain-
tiffs' motion for a *Yellowstone* injunction.

The dispute in this case arose over an attempt by the prime tenant to sublet her apartment in Whitestone, Queens. The defendants (the landlord), contending that the subtenancy violated the terms of the lease, served a notice to cure which provided that if the tenant did not cure her breach within a specified time the tenancy would be terminated. The landlord's service of the notice to cure thus confronted the tenant with the possibility that, prior to her being able to obtain an adjudication of her right to sublease, her lease might expire by reason of the running of the cure period. That was the fate of the tenant in *First Nat. Stores v Yellowstone Shopping Center (supra)*, wherein a dispute arose between the tenant and the landlord as to who was obligated to pay for a sprinkler system required by government order. Taking the position that the installation of the system was the tenant's responsibility under the lease, the landlord gave notice, pursuant to a provision of the lease, that if the tenant did not cure the breach within 10 days the tenancy would be terminated. The tenant then instituted a declaratory judgment action in the Supreme Court, and, by order to show cause, moved for a preliminary injunction. However, the order to show cause failed to provide for a temporary restraining order and, as a result, the cure period expired and the lease terminated prior to final adjudication of the rights of the parties. The Court of Appeals held that because the lease had expired by reason of the running of the cure period, the courts were without power to revive it, and the tenant was therefore subject to summary eviction proceedings without any further opportunity to cure the breach.

This result gave rise to the *Yellowstone* injunction, i.e., a preliminary injunction by a tenant prior to the expiration of the cure period, which stays the running of that period, and allows the lease to remain in effect until the underlying dispute has been resolved. However, because the Civil Court of the City of New York lacked jurisdiction in equity, applications for *Yellowstone* injunctions were made in the Supreme Court, in conjunction with actions to declare the rights of the parties under the lease. Such applications were routinely granted, even where the tenant had failed to establish the normal prerequisites for preliminary injunction relief, i.e., a likelihood of success, irreparable

injury and a showing that the equities favored the granting of such relief (see, generally, *Post v 120 East End Ave. Corp.,* 62 NY2d 19, 24-26).

In 1982, the Legislature enacted RPAPL 753 (subd 4) (L 1982, ch 870, eff July 29, 1982). This subdivision, which applies to holdover tenants in residential dwellings in the City of New York (RPAPL 753, subd 1), provides: "In the event that such proceeding [a summary proceeding to recover possession] is based upon a claim that the tenant or lessee has breached a provision of the lease, the [Civil] court shall grant a ten day stay of issuance of the warrant [to remove], during which time the respondent [tenant] may correct such breach".

This statute appeared to eliminate the need for a *Yellowstone* injunction in order to protect a tenant's rights. Instead of commencing a declaratory judgment action in the Supreme Court, the tenant could simply wait for the landlord to commence a summary proceeding in the Civil Court to recover possession, and then raise his claims in defense of that proceeding. If the Civil Court determined that he had indeed breached the lease, the tenant could presumably rely on the mandatory 10-day statutory stay to preserve his rights under the lease; if he cured the breach within the 10-day period, the lease would remain in effect. However, decisions after enactment of the statute reflected uncertainty as to whether the mandatory stay provided for therein would revive a lease which had terminated by reason of a tenant's failure to cure a breach during the period fixed in the notice to cure (see *Nunez v 164 Prospect Park West Corp.,* 92 AD2d 540; cf. *Wilen v Harridge House Assoc.,* 94 AD2d 123).

In the case at bar, plaintiffs, the tenant and subtenant, were cognizant of this uncertainty. Anxious to avoid the fate of the tenant in *Yellowstone,* and apparently unwilling to rely upon such protection as might be afforded by the statute, plaintiffs commence this declaratory judgment action in the Supreme Court prior to the expiration of the cure period. In conjunction therewith, plaintiffs moved for a preliminary injunction barring the landlord from taking any action to evict them or to terminate the tenancy. In opposition to the motion, the landlord averred, *inter alia,*

that the sublet constituted a breach of the terms of the lease; that RPAPL 753 (subd 4) provided plaintiffs with an adequate remedy at law; and that plaintiffs had failed to demonstrate irreparable injury. By order dated August 4, 1983, Special Term denied plaintiffs' motion for a preliminary injunction and vacated a temporary restraining order contained in the order to show cause. The court stated: "Plaintiffs cannot show irreparable injury since the statute provides for a required ten-day period of time in which plaintiffs may cure any breach and if [*sic*] should be found that there was in fact a breach of lease on the part of plaintiffs. Thus, if the landlord should bring a proceeding to evict and should prevail, the tenant would have the opportunity to cure the breach".

Plaintiffs then appealed to this court from the order of Special Term. In addition, the unsuccessful tenants in two other cases involving the same landlord have taken separate appeals from orders of the Supreme Court, Queens County, which denied *Yellowstone* injunctions (see *Gilmore v 163-35 Ninth Ave. Corp.*, 104 AD2d 356; *Kosack v 163-35 Ninth Ave. Corp.*, 104 AD2d 360). By order dated October 20, 1983, this court stayed all further proceedings on the part of the landlord to terminate each tenancy pending determination of the separate appeals.

The question of whether RPAPL 753 (subd 4) has eliminated the need for *Yellowstone* injunctions was recently addressed by the Court of Appeals in *Post v 120 East End Ave. Corp.* (62 NY2d 19, *supra*). In *Post*, plaintiff psychiatrist was a residential tenant under a proprietary lease in a building owned by defendant. When plaintiff began to see patients at his apartment, he was advised by defendant landlord that the use of the apartment for professional purposes violated the lease. Defendant then served a notice to cure which stated that the lease would be terminated if the violation was not cured by a specified date. However, prior to expiration of the cure period, plaintiff commenced a declaratory judgment action in the Supreme Court and sought a *Yellowstone* preliminary injunction. Special Term granted the injunction without applying RPAPL 753 (subd 4), which became effective after the parties had argued the

motion for injunctive relief. The Appellate Division, First Department, affirmed (95 AD2d 697). Although the court considered the effect of the newly enacted statute, the majority concluded that the violation alleged, if found to exist, was not readily curable within the 10-day statutory period (RPAPL 753, subd 4), and that the *Yellowstone* injunction was therefore appropriate.

The Court of Appeals reversed and remitted the case to the Supreme Court to determine whether the tenant could cure the particular violation within the 10-day period provided by RPAPL 753 (subd 4). It applied the statute and found that it "gives the losing tenant what he would receive with a *Yellowstone* injunction in a Supreme Court action after losing, a period of time to cure the violation before being subject to removal" (*Post v 120 East End Ave. Corp., supra,* p 26). The court noted (p 26) that a *Yellowstone* injunction prevents termination of the lease by tolling the running of the cure period, while the statute does not do so by its terms, thereby raising the possibility that before the Civil Court acquires jurisdiction, the lease might expire. Under the *Yellowstone* doctrine, the lease could not be revived. However, the court construed the statute as limiting the *Yellowstone* doctrine so as to permit such revival: "Thus, although the lease may contain a conditional limitation which permits it to be terminated if the tenant fails to cure, we interpret the statute as impressing its terms on residential leases and, in effect, authorizing Civil Court at the conclusion of summary proceedings to impose a permanent injunction in favor of the tenant barring forfeiture of the lease for the violation in dispute if the tenant cures within 10 days * * * To this extent the statute limits our holding in *First Nat. Stores v Yellowstone Shopping Center*" (*Post v 120 East End Ave. Corp., supra,* p 27). Finally, the court noted that RPAPL 753 (subd 4) had not divested the Supreme Court of jurisdiction and, therefore, injunctive relief could still be granted by the Supreme Court in a case where the tenant is unable to obtain complete relief in the Civil Court, e.g., where the violation cannot be cured within the 10-day statutory period (*Post v 120 East End Ave. Corp., supra,* p 28).

Applying the holding in *Post* (*supra*) to the case now before us, we conclude that Special Term properly denied plaintiffs' motion for a *Yellowstone* preliminary injunction. Unlike *Post,* the motion for injunctive relief in this case was made after the effective date of the new statute. Thus, the question of whether the particular violation of the lease alleged herein could be cured within 10 days was before Special Term when it decided that the statutory remedy adequately protected plaintiffs' rights. On the record before us, there is no basis for disturbing that determination. Plaintiffs have failed to show that they did not have an adequate remedy at law, i.e., that the 10-day period would have been too short for purposes of terminating the subtenancy and thus curing the breach.

Accordingly, we conclude that RPAPL 753 (subd 4) sufficiently protects the plaintiffs, and we therefore affirm the order of Special Term which denied the motion for a *Yellowstone* preliminary injunction.

GIBBONS, J. P., BRACKEN, BROWN and NIEHOFF, JJ., concur.

Order of the Supreme Court, Queens County, dated August 4, 1983, affirmed, without costs or disbursements.

The stay pending appeal granted by this court in an order dated October 20, 1983 shall be deemed vacated 15 days after service upon plaintiffs of a copy of the order to be made hereon, with notice of entry.