■ Jo E. KOSACK et al., Appellants, v 163-35 NINTH AVENUE CORPORATION et al., Respondents. — In an action for a declaratory judgment arising out of a dispute involving a residential lease, plaintiffs appeal from an order of the Supreme Court, Queens County (Cohen, *J.*), dated August 4, 1983, which denied their motion for a *Yellowstone* preliminary injunction and vacated a temporary restraining order.

Order affirmed, without costs or disbursements. The stay pending appeal granted by this court in an order dated October 20, 1983 shall be deemed vacated 15 days after service upon plaintiffs of a copy of the order to be made hereon, with notice of entry.

As in *Brodsky v 163-35 Ninth Ave. Corp.* (103 AD2d 105), this appeal involves the question of whether Special Term properly denied plaintiffs' motion for a *Yellowstone* preliminary injunction (*First Nat. Stores v Yellowstone Shopping Center*, 21 NY2d 630), in light of recently enacted subdivision 4 of RPAPL 753 (L 1982, ch 870, eff July 29, 1982). In the instant case, defendants (the landlord) served a notice to cure which provided that if the tenant did not cure a breach of the terms of the lease within a specified period of time the tenancy would be terminated. As in *Brodsky,* the alleged breach involved a purportedly improper sublease or assignment. In order to toll the running of the cure period so as to avoid termination of the lease prior to an adjudication of the merits, plaintiffs commenced a declaratory judgment action in the Supreme Court and moved for a *Yellowstone* preliminary injunction barring the landlord from taking any action to evict them or to terminate the tenancy. By order dated August 4, 1983, Special Term denied plaintiffs' motion for a preliminary injunction and vacated a temporary restraining order contained in their order to show cause.

For the reasons set forth in *Brodsky* (*supra*), we conclude that the order appealed from should be affirmed (*Post v 120 East End Ave. Corp.,* 62 NY2d 19). Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.