■ RONALD ASHERSON, Respondent, v JEFFREY SCHUMAN, Individually and as Coexecutor of FRANK J. MacDONALD, Deceased, et al., Defendants, and STAHL ASSOCIATES Co. et al., Appellants. — Order, Supreme Court, New York County (Kenneth Shorter, J.), entered May 29, 1984, denying defendants' motion to dismiss the complaint and granting a preliminary injunction enjoining defendants from interfering with plaintiff's occupancy pending disposition of the action or until April, 1985, unanimously reversed, on the law, with costs and disbursements, plaintiff's motion for injunctive relief denied and a declaratory judgment issued in favor of appellants, declaring, under the first cause of

action of the complaint, that plaintiff is not entitled to possession as lawful tenant of apartment 1Q at 405 East 54th Street, New York, New York.

Plaintiff is a subtenant of the prime tenant of record, decedent Frank MacDonald, under a written sublease for a two-year, five-month term, from November 1, 1979 to April 30, 1982, which terminated one month prior to expiration of the prime lease. The prime lease was thereafter renewed, the latest renewal for a three-year term in February 1982 until April 30, 1985. After expiration of this sublease, no new sublease was entered into, nor did plaintiff secure the landlord's consent to his holding over beyond the expiration of the sublease. It appears from the record that following MacDonald's death, the landlord served a notice to cure on the executors of his estate on November 9, 1983, asserting a violation of the lease by reason of the unauthorized subletting to plaintiff and requiring that the violation be cured by November 24, 1983. Thereafter, a notice of termination was served December 8, 1983, following which plaintiff brought this action for injunctive and declaratory relief, to enjoin the landlord from prosecuting an action pending in the Civil Court to recover the apartment from the estate. Plaintiff's first cause of action also sought a declaration that he was lawfully entitled to possession of the apartment. Defendants moved to dismiss, asserting that plaintiff lacked standing to enjoin the summary proceeding and further alleging that no injunction could issue since relief had been sought after expiration of the period to cure.

We find no basis on this record to warrant any relief to plaintiff, who, it clearly appears, was a subtenant holding over after expiration of the sublease. There is neither proof nor claim that a further sublease was entered into after April 30, 1982 nor that appellants consented to the holdover. Inasmuch as plaintiff was no more than a subtenant of the prime lessee, there existed no privity of estate or contract between appellants and plaintiff, critical to the existence of a landlord-tenant relationship (*Stewart v Long Is. R. R. Co.*, 102 NY 601, 607; *World of Food v New York World's Fair 1964-1965 Corp.*, 22 AD2d 278; *Tefft v Apex Pawnbroking & Jewelry Co.*, 75 AD2d 891). Thus, plaintiff lacked standing to enjoin the summary proceeding brought to recover possession of the apartment from the estate of the prime tenant.

Even were we to conclude that requisite standing did exist, there is no basis here for preliminary injunctive relief. The injunction was sought after expiration of the period to cure and after a termination notice had been served (cf. *First Nat. Stores v*

*Yellowstone Shopping Center,* 21 NY2d 630; *Health N Sports v Providence Capitol Realty Group.,* 75 AD2d 884). Moreover, on the conceded facts of this case, plaintiff could have intervened in the Civil Court proceeding. RPAPL 743 permits "any person in possession or claiming possession of the premises" to answer and appear in a proceeding brought to recover possession. Additionally, RPAPL 753 (subd 4), effective July 29, 1982, affords to tenants in residential dwellings a 10-day period to cure or correct any breach by staying the issuance of a warrant following trial of the summary proceeding.

Recently, in *Post v 120 East End Ave. Corp.* (62 NY2d 19), the Court of Appeals construed the statute as authorizing the Civil Court to impose a permanent injunction in favor of the tenant, precluding forfeiture of the lease upon the tenant's curing the breach within the 10-day period. This amounts to a limitation on the *Yellowstone* doctrine (*First Nat. Stores v Yellowstone Shopping Center, supra*) so as to permit revival of the lease in such circumstances (see *Post v 120 East End Ave. Corp., supra; Brodsky v 163-35 Ninth Ave. Corp.,* 103 AD2d 105). In *Post,* the court expressed the view that, in cases where an effective cure could be accomplished within the 10-day period, full and complete relief could be accorded in the Civil Court and it would be unnecessary to invoke the equitable jurisdiction of the Supreme Court. It did conclude, however, that where the tenant was unable to obtain complete relief in the Civil Court, resort could then be had to the Supreme Court in such cases (see *Wilen v Harridge House Assoc.,* 94 AD2d 123; *Brodsky v 163-35 Ninth Ave. Corp., supra; Mannis v Jillandrea Realty Co.,* 94 AD2d 676). The holding in *Post* takes cognizance of the underlying policy which recognizes the desirability of resolving landlord-tenant disputes in the Civil Court, the preferred forum for a speedy disposition of such matters (*Lun Far Co. v Aylesbury Assoc.,* 40 AD2d 794).

On this record, we find plaintiff's assertion of a right to the premises palpably lacking in merit. His claim is not supported by a sublease entered into after expiration of the original subletting nor does he rely upon any consent or waiver by appellants. Under the circumstances, while the record would support dismissal of the first cause of action, (see *Mannis v Jillandrea Realty Co., supra*) on a finding that either (1) there was no basis here to invoke the equitable jurisdiction of the Supreme Court in that full relief could have been accorded to plaintiff had he intervened in the pending summary proceeding, or (2) plaintiff's lack of standing, we deem it advisable to declare the rights of the parties to expedite resolution of the underlying controversy with

respect to the subject premises. Concur — Murphy, P. J., Kupferman, Sullivan, Ross and Kassal, JJ.