■ JAY KANTER, Respondent, v EAST 62ND STREET ASSOCIATES et al., Appellants. — Order, Supreme Court, New York County (Allan Murray Myers, J.), entered December 7, 1984, granting plaintiff a preliminary injunction enjoining and restraining defendants, during the pendency of the action, from commencing an action or proceeding to evict plaintiff or from otherwise disturbing plaintiff's tenancy, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs and disbursements, and plaintiff's motion for injunctive relief denied.

Plaintiff is a residential tenant at premises located at 1 East 62nd Street, under a written lease for a three-year term which, by agreement, was extended to expire on October 31, 1984. On July 1, 1984, during the "window" period, between 150-120 days prior to the expiration of the lease, defendant's managing agent sent plaintiff a notice of renewal required under Code of the Rent Stabilization Association of New York City, Inc. § 60, offering an option to renew for a one-, two- or three-year term. Three weeks later, on July 20, 1984, defendant attempted to withdraw the prior notice on the ground that the apartment was not plaintiff's primary residence and, therefore, he was not entitled to a renewal of the lease. Four days later, on July 24, 1984, the tenant executed and returned the lease renewal form to the owner, selecting a two-year renewal period. On September 20, 1984, the landlord served a 30-day notice, advising that an action or proceeding would be commenced. The tenant then brought this action for specific performance and a declaratory judgment as to his entitlement to a renewal of the lease and moved for preliminary injunctive relief, enjoining defendants from commencing a summary proceeding pending resolution of the matter in the Supreme Court.

Although we agree that the complaint does state a justiciable controversy in terms of declaratory relief, we find no basis here for the issuance of a preliminary injunction. While it appears that no summary proceeding had been commenced in the Civil Court at the time the tenant brought this action, it is clear that plaintiff may obtain full redress when such a proceeding is brought in that court. In this case, the tenant commenced the Supreme Court action during the period of the landlord's 30-day notice, which precluded any action by the landlord to initiate summary proceedings in the Civil Court. RPAPL 753 (4), effective July 29, 1982, affords a tenant in a residential dwelling a 10-day period to cure or correct any breach by staying issuance of a warrant following trial of a summary proceeding. On such trial, the claims by plaintiff here that, *inter alia,* the apartment was his primary residence and the landlord waived any right to refuse to renew the lease can be fully resolved.

Contrary to the holding at Special Term, under the circumstances, we perceive no need for the issuance of an injunction to maintain the status quo since the tenant may obtain full relief in the Civil Court by defending any summary proceeding. In *Post v 120 E. End Ave. Corp.* (62 NY2d 19), the Court of Appeals construed RPAPL 753 (4) as authorizing the Civil Court to issue an injunction, precluding forfeiture of a lease upon the tenant's curing any breach within the 10-day period. It was concluded

28

that this amounted to a limitation on the *Yellowstone* doctrine so as to permit revival of a lease in such circumstances (*Post v 120 E. End Ave. Corp., supra; Brodsky v 163-35 Ninth Ave. Corp.,* 103 AD2d 105).

Recently, in *Asherson v Schuman* (106 AD2d 340), we discussed the impact of the Court of Appeals holding in *Post* (*supra*) in relation to the issuance of a *Yellowstone* injunction, concluding that only where a tenant was unable to obtain complete relief in the Civil Court could resort be had to the Supreme Court (*see, Wilen v Harridge House Assoc.,* 94 AD2d 123; *Brodsky v 163-35 Ninth Ave., supra; Mannis v Jillandrea Realty Co.,* 94 AD2d 676). Our observation in *Asherson v Schuman* (*supra*, p 342) is fully controlling here: "The holding in *Post* takes cognizance of the underlying policy which recognizes the desirability of resolving landlord-tenant disputes in the Civil Court, the preferred forum for a speedy disposition of such matters (*Lun Far Co. v Aylesbury Assoc.,* 40 AD2d 794)." Concur — Ross, J. P., Lynch, Kassal and Rosenberger, JJ.