OPINION OF THE COURT
David B. Saxe, J.
The plaintiffs, co-owners of a cooperative apartment on *1056 Manhattan’s west side (more specifically owners of the shares of stock and the proprietary lease allocable to apartment No. 1A at 310 West 94th Street in Manhattan) have commenced an action in this court seeking a declaration that the defendants’ refusal to consent to a proposed sublease was unreasonable as a matter of law. Simultaneously, it appears, the plaintiffs have moved by an order to show cause for a preliminary injunction, not of the "Yellowstone” variety (see, First Natl. Stores v Yellowstone Shopping Center, 21 NY2d 630), that seeks to enjoin the defendants (cooperative corporation and individual director) from terminating their proprietary lease and starting any action to recover possession of the premises.
The plaintiffs became the owners of their co-op apartment on April 11, 1985. Shortly after that, they submitted written requests for permission to sublet the apartment for a term of 17 months. The defendants refused to consent to the proposed sublet allegedly based upon an "unwritten rule” prohibiting subletting during the first year of tenancy so as to prevent profiteering by tenants who have no actual intention to occupy their apartments. The next request to sublet, sent about a month later, was turned down for the same reason. This declaratory action and application for preliminary injunctive relief followed.
It is worth noting that the injunctive relief applied for here by the prime tenants must be adjudicated under the more rigorous standards for the grant of a preliminary injunction (CPLR 6301) rather than the more lenient standards applicable for the issuance as a Yellowstone injunction. (See, Post v 120 E. End Ave. Corp., 62 NY2d 19.) Since Yellowstone relief depends upon a cure period being available to a tenant, here where no cure period is provided for in the proprietary lease, Yellowstone relief would be inadequate.
Thus, since the notice of termination does not and need not provide for cure, the only route available to these parties is through the grant of a preliminary injunction, if the facts warrant it.
CPLR 6301 provides the statutory basis for preliminary injunction: "A preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff’s rights respecting the subject of the action, and tending to render the judgment ineffectual”.
*1057 Though the grant of a preliminary injunction lies within the discretion of the court, it may only issue when the moving party demonstrates:
(a) a likelihood of ultimate success on the merits;
(b) irreparable injury to him absent the granting of the preliminary injunction; and
(c) a balancing of the equities in his favor. (Albini v Solork Assoc., 37 AD2d 835 [1971].)
I find that the plaintiffs have demonstrated that they are likely to succeed on the merits of this case.
The standards for suitability of a subtenant and, hence, whether a landlord or co-op board reasonably withheld its consent, include the proposed subtenant’s financial capabilities, the size of the family and whether the apartment will be used for an unsuitable or improper purpose (Kruger v Page Mgt. Co., 105 Misc 2d 14).
Nevertheless, profiteering by a tenant may constitute a ground for an owner to reject a subtenant (see, 220 E. 72nd St. v Catlett, NYLJ, June 23, 1982, p 12, col 1 [Civ Ct, NY County]; Sadka v Brevard Assoc., NYLJ, May 12, 1982, p 7, col 1 [Sup Ct, NY County]).
The defendants’ refusal to consent to two sublets in this matter is based upon its "unwritten rule” that a tenant may not sublet during the first year of tenancy. This "unwritten rule” was intended to protect against profiteering by tenants who never intended to occupy their apartments which is a concededly valid purpose. Plaintiffs, however, recognizing the validity of such purpose, offered to turn over any profits to the defendants in the event they did not occupy their apartment after the end of the term of the sublease. They explained to the landlord that they actually intended to occupy the apartment at the expiration of the sublease, but to do so now would create problems for them. Nevertheless, the defendants twice refused consent. They thus contend that the defendants’ refusals were unreasonable as a matter of law.
Based on the above, it is likely that the plaintiffs will ultimately prevail on the merits of this action and, accordingly, they have satisfied the first prerequisite for preliminary injunctive relief.
The plaintiffs must further demonstrate that they will suffer irreparable injury absent the grant of the preliminary injunction and that there exists no adequate remedy at law.
*1058 The defendants rely upon RPAPL 753 (4) in support of their contention that the plaintiffs are unable to demonstrate irreparable injury and are, therefore, not entitled to injunctive relief.
RPAPL 753 (4) applies to summary eviction proceedings and states that: "In the event that such proceeding is based upon a claim that the tenant or lessee has breached a provision of the lease, the court shall grant a ten day stay of issuance of the warrant, during which time the respondent may correct such breach.”
The enactment of RPAPL 753 (4), by granting a losing tenant in a Civil Court summary proceeding 10 days in which to cure the default, alleviated the need for Yellowstone or related injunctive relief in many cases. The defendants thus argue that the equities of the situation do not warrant injunctive relief because the statute provides full protection to these plaintiffs and that full relief may be obtained in the Civil Court.
The plaintiffs, however, argue that the 10-day stay provided for in RPAPL 753 (4) affords them inadequate protection and, as a result, they are entitled to the injunctive relief requested. The burden, in this respect, is on the plaintiffs to demonstrate that 10 days is an inadequate period of time in which to cure the alleged default and, therefore, equitable relief in the Supreme Court is warranted. (See, Post v 120 E. End Ave. Corp., supra, at p 28; Brodsky v 163-35 Ninth Ave. Corp., 103 AD2d 105 [2d Dept 1984].)
Here, the plaintiffs say that 10 days is an insufficient amount of time in which to cure an alleged breach, based on illegal subletting, because it is conceivable that the subtenants, who are month-to-month tenants, would refuse to vacate within the 10-day stay period, in which event, the subtenants would be entitled to a 30-day notice of termination. The plaintiffs, therefore, conclude that "It would be virtually impossible, as a matter of law, for plaintiffs in this action to cure the alleged lease violation * * * within the statutory postjudgment cure period.” While the above scenario is certainly conceivable (see, Wilen v Harridge House Assoc., 94 AD2d 123, 128 [1st Dept 1983]) so too is it conceivable that the subtenant may voluntarily leave within the 10-day cure period. The plaintiffs’ allegations are based only on conjecture; they have failed to set forth any facts applicable to this case that would tend to show that these subtenants would be *1059 uncooperative in vacating within the statutory cure period. As such, I hold that the plaintiffs have failed to carry their burden of showing that the 10-day period would be too short for terminating the subtenancy and, therefore, curing the alleged breach. (See, Brodsky v 163-35 Ninth Ave. Corp., supra.)
Accordingly, plaintiffs’ request for injunctive relief is in all respects denied.