■ SAMUEL LEVIN, Appellant, v 40 FIFTH AVENUE CORPORATION, Respondent. [806 NYS2d 491]—

Judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered April 22, 2005, after a nonjury trial, inter alia, directing plaintiff tenant/shareholder of defendant apartment cooperative to remove the washer/dryer and garbage disposal unit he installed in his apartment, unanimously affirmed, with costs.

We reject the tenant's various arguments that although the washer/dryer and garbage disposal unit were installed without the approval of the co-op's board in violation of the proprietary lease, he should not have to remove them because the installations were performed by the co-op's superintendent. Given the unambiguous delegation of approval authority to the board, not only in the proprietary lease but also in a written and signed acknowledgment, any belief by the tenant—a well-credentialed attorney—that the superintendent was acting with the co-op's approval, even if sincere, was unreasonable (*see Matter of Bank of N.Y. [UBS Warburg]*, 4 AD3d 112 [2004]).

Also unavailing is the tenant's estoppel argument based on a memo that the co-op's president addressed to the tenant, almost a year after the installations were completed, in response to the tenant's complaint that the superintendent's substandard work may have caused the leak that damaged another apartment. The memo, in substance, stated that the co-op would be responsible for the leak if it was inside the wall. Obviously, the tenant could not have relied on this memo in deciding whether to go ahead with the installations a year earlier (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184 [1982]). Nor does this memo, which makes no reference to the unauthorized nature of the installations, possess the necessary clarity and deliberateness to be deemed a waiver of the approval requirement (*see Silverman v Silverman,* 304 AD2d 41, 46

[2003]). Moreover, no basis exists to disturb the trial court's finding that although the board did not object to the installations after becoming aware of them, it was at all relevant times unaware that the installations were originally unauthorized, and therefore did not ratify them through silence (*see Matter of Cologne Life Reins. Co. v Zurich Reins. [N. Am.],* 286 AD2d 118, 128 [2001]).

We find baseless plaintiff's motion requesting the trial court recuse itself. The arguments made find no support in this record, nor in Rules of Judicial Conduct (22 NYCRR) § 100.0 (D) and § 100.3 (E) (1) (d) (iii) (*see also* Judiciary Law § 14).

We have considered the tenant's other claims and find them to be without merit. Concur—Tom, J.P., Marlow, Williams, Gonzalez and Malone, JJ.