Roger Morris Apartment Corp., Petitioner-Proprietary Lessor-Appellant, 
against
Edelmiro Varela and David Decanini, Respondents-Proprietary Lessees- Respondents, and "John Doe/Jane Doe," Respondents-Undertenants.



Petitioner appeals from that portion of an order of the Civil Court of the City of New York, New York County, dated May 10, 2016 (Jack Stoller, J.), which denied its motion for summary judgment and to strike respondents' affirmative defenses and counterclaims in a holdover summary proceeding.




Per Curiam.
Order (Jack Stoller, J.), insofar as appealed from, reversed, with $10 costs, petitioner's motion to strike respondents' affirmative defenses and counterclaims, and for summary judgment of possession is granted. Issuance of warrant of eviction shall be stayed for 10 days after service of a copy of this order with notice of entry. 
Petitioner cooperative corporation's motion for summary judgment of possession should have been granted. The evidentiary proof submitted by petitioner established, prima facie, that respondents breached paragraph 21 of the governing proprietary lease agreement, which required proprietary lessees to obtain the Cooperative Board's "written consent" before installing any "air conditioning system." Petitioner's proof established that respondents submitted a written application for approval of certain alteration work within their apartment; the application affirmatively stated that "NO WORK REGARDING BUILDING ENVELOPE, HVAC" would be performed; and that respondents subsequently installed a central air conditioning ("HVAC") system on the facade of the building without first obtaining petitioner's written consent (see Rutherford Tenants Corp. v Kaufman, 212 AD2d 416 [1995]; Levin v 40 Fifth Ave. Corp., 24 AD3d 244 [2005]).
In opposition, respondents failed to raise any triable issue. Respondents claim that the Board approved their request to install the HVAC system is unsupported and, indeed, belied by their alteration application which expressly stated that no HVAC work would be performed. Nor [*2]can respondents rely upon any purported oral consent to the work by the managing agent. The proprietary lease unambiguously states that "written consent" of the lessor is required. In addition, the alteration application submitted by respondents contained a merger clause which provided that "all prior... understandings between the parties concerning the work are merged in this Agreement which alone expresses the understanding between the parties."
Inasmuch as the holdover petition was premised upon a breach of lease, tenant must be afforded the remedy of a post-judgment cure (see RPAPL 753[4]); Cutler v North Shore Towers Assoc., 125 AD2d 532, 533 [1986]). "If the tenant is unable to obtain complete relief in Civil Court, then the jurisdiction of Supreme Court is still available" (Post v 120 E. End Ave. Corp., 62 NY2d 19, 28 [1984]; see Kanter v East 62nd St. Assoc., 111 AD2d 26 [1985]; Wilen v Harridge House Assoc., 94 AD2d 123 [1983]). 
We have considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 30, 2016