Scileppi, J.
 

 Plaintiff, First National Stores, Inc., is the tenant and defendant, Yellowstone Shopping Center, Inc., is the landlord under the lease of the supermarket building in the Yellowstone Shopping Center, Forest Hills. By order of the Fire Department of the City of New York dated November 9, 1966, the landlord was directed to install a wet automatic sprinkler system in the cellar. This resulted in a dispute between the parties as to who was obligated under the lease terms to pay for the sprinkler system.
 

 Article Twelfth of the lease provides in part: “In case lessee shall default in the performance of any covenant or agreement herein contained, and such default shall continue for ten (10) days after receipt by the lessee of written notice thereof given by
 
 *635
 
 lessor, then lessor, at the option of lessor, may declare said term ended, and may re-enter upon the leased premises either with or without process of law, and remove all persons therefrom ”. After writing three letters to the tenant demanding that it comply with the order of the Fire Department, the landlord finally, pursuant to article Twelfth, sent the tenant a 10-day notice of default on February 24, 1967. This notice was received on February 27, 1967. The tenant chose not to cure its default and instead, on February 28, commenced this action for a declaratory judgment by the service of a summons only. On March 9, 1967 the tenant served the complaint together with an order to show cause for a preliminary injunction returnable March 13, 1967. The order to show cause did not contain a stay. It is important to note, however, that on March 10, 1967, since the 10 days under the notice of default had run, the landlord sent a notice to the tenant terminating the lease. It is undisputed that on the return date of the tenant’s motion, since the landlord had already acted to terminate the lease, the parties agreed to adjourn the motion for a preliminary injunction to March 29, 1967, and the landlord consented to an order restraining it from instituting summary proceedings pending the hearing and determination of the motion.
 

 The Supreme Court, Queens County, in the exercise of its discretion, declined to entertain jurisdiction of the declaratory judgment action on the ground that “ the facts which form the basis of the instant complaint can be asserted by [the tenant] as a defense to a summary proceeding (Real Property Acts and Proceedings Law, section 743) ”. We are not directly concerned with this determination, however, because, on appeal, the landlord by stipulation waived its contention that the court should dismiss the action, and authorized the Appellate Division to determine the controversy on the appeal as a matter of law.
 

 The Appellate Division unanimously held that it was the tenant’s obligation to install" the sprinkler system in the basement of the supermarket. Arguing that this determination is erroneous, the tenant calls our attention to article Fifth of the lease, entitled “Lessor’s Repairs ”, which provides in pertinent part: ‘ ‘ Lessor further agrees * * * to make all repairs to or alterations of the leased premises which may be-required by governmental authority ”. If our reading of article Fifth stopped
 
 *636
 
 at this point, we would be compelled to hold that the installation of the sprinkler system is the landlord’s obligation. However, the lease further provides in the same article that ‘‘ Lessee agrees to observe and comply with all requirements of governmental authority relating to matters affecting the leased premises only and involving the use of the leased premises over which lessee would exercise control during the normal course of its business operation, it being provided that lessee shall not be required to make any exterior or structural repairs, additions, alterations, or changes to the leased premises or any other repairs, additions, alterations or changes made necessary by any requirements of governmental authority, or amendments thereto,
 
 pertaining to matters which affect retail establishments generally and over which lessee would not exercise control during the normal course of its business operations
 
 ” (emphasis added).
 

 This language, as the Appellate Division noted, makes the tenant responsible for repairs, alterations, or additions to the premises required by governmental authority as a result of
 
 its specific use
 
 of the premises.
 

 Although the landlord owns 19 stores in the shopping center where the supermarket is located, the Fire Department order requiring the sprinkler system applies only to the tenant’s premises. Accordingly, we agree that this is not an alteration or addition required by governmental authority which affects retail establishments
 
 generally.
 
 The Fire Department cited six reasons for requiring the sprinkler system: (1) heavy fire loading and large quantities of combustible stock; (2) inadequate ventilation; (3) wheeled conveyor belts throughout cellar; (4) unprotected lolly columns; (5) stream penetration hindered by large amount of stock stored in cellar; (6) housekeeping fair. Except for the unprotected lolly columns (hollow steel cylinder filled with concrete, used to support the floor above), it is clear that the necessity for the sprinkler system arose primarily because of the manner in which the tenant used its premises. Consequently, we conclude that it is the tenant’s obligation to install the sprinkler system and, by failing to do so, the tenant breached the covenant in the lease.
 

 While the Appellate Division unanimously held the tenant responsible for installing the sprinkler system, it nevertheless
 
 *637
 
 divided sharply on the consequences of the breach. The majority was of the opinion that the landlord had properly invoked the applicable provisions for terminating the lease and the court could, therefore, declare the lease at an end. This determination is clearly supported by the record, since the tenant did not obtain a temporary restraining order
 
 before
 
 the landlord had mailed the notice of termination, in accordance with the lease terms, and until after the 10-day default period had expired. The majority went on to say, however, that it would not terminate the lease because the “ tenant was acting in good faith when it brought the declaratory judgment action ’ ’. Accordingly, the court preserved the lease upon performance by the tenant, within 20 days, of its duty to install a satisfactory sprinkler system, or to pay therefor if it had already been installed by the landlord, and permanently enjoined the landlord from instituting summary proceedings to evict the tenant.
 

 As Professor Borchard has noted, “ declaratory relief is
 
 sui generis
 
 and is as much legal as equitable ” (Borchard, Declaratory Judgments [2d ed.], p. 239; see, also, Anderson, Actions for Declaratory Judgments [2d ed.], § 214, pp. 459, 462; 26 O. J. S., Declaratory Judgments, § 105). Thus, in a proper case, a court has the fullest liberty in molding its decree to the necessities of the occasion. But, it cannot grant equitable relief if there is no acceptable basis for doing so. Here, the lease had been terminated in strict accordance with its terms. The tenant did not obtain a temporary restraining order until after the landlord acted. The temporary restraining order merely preserved the
 
 status quo
 
 as of the date it was obtained. Once the Appellate Division determined that the tenant had in fact defaulted by not installing the sprinkler system, the conclusion had to be drawn that the lease was terminated in accordance with its terms. The Appellate Division could not revive it unless it read into the lease a clause to the effect that the tenant could have an additional 20 days to cure its default before the landlord could commence summary eviction proceedings. This the court was powerless to do absent a showing of fraud, mutual mistake or other acceptable basis of reformation.
 

 The sympathetic attitude of the majority below is understandable, but must be rejected. Article Twelfth of the lease, which gives the landlord the right to terminate after a 10-day notice of default, is neither harsh nor inequitable; a landlord’s right
 

 
 *638
 
 to terminate a lease based upon a tenant’s breach of his covenant is commonplace. In essence, this clause allowed the landlord to accelerate the term of the lease if the tenant failed, after notice, to cure his default. In an analogous situation involving the acceleration of the due date of the principal sum of a mortgage after a default for 20 days in the payment of the installment of interest, we said: “ Rejection of plaintiffs’ legal right could rest only on compassion for defendant’s negligence. Such a tender emotion must be exerted, if at all, by the parties rather than by the court. Our guide must be the precedents prevailing since courts of equity were established in this State.
 
 Stability of contract obligations must not be undermined by judicial sympathy.
 
 To allow this judgment to stand would constitute an interference by this court between parties whose contract is clear”
 
 (Graf
 
 v.
 
 Hope Bldg. Corp.,
 
 254 N. Y. 1, 4-5, [emphasis added];
 
 Weirfield Holding Corp.
 
 v.
 
 Pless & Seeman,
 
 257 N. Y.536).
 

 Should we hold that the termination of this lease is harsh and inequitable, then the same conclusion can be reached in every instance where a landlord exercises his contractual rights, and, in that event, the right of termination or any other right specified in a lease would be rendered meaningless and ineffectual (cf.
 
 Matter of Feist & Feist
 
 v.
 
 Long Is. Studios,
 
 29 A D 2d 186).
 

 Accordingly, the order appealed from should be modified to the extent of reversing so much of the order which preserves the lease and enjoins the landlord from instituting summary proceedings to evict the tenant, and, as so modified, affirmed.
 

 Judges Burke, Bergan, Keating and Breitel concur with Judge Scileppi; Chief Judge Fuld and Judge Jasen .dissent and vote to affirm on the opinion at the Appellate Division.
 

 Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs.