OPINION OF THE COURT
Richard S. Lane, J.
Plaintiffs move for a preliminary injunction enjoining landlord from terminating or otherwise interfering with their right to a certain apartment on East 57th Street in Manhattan.
Plaintiffs occupy the apartment for residential and business purposes — photo retouching. They assert that this dual use has been open and notorious and with landlord’s knowledge and consent for over 10 years. The present lease and its predecessors, however, limit use to residential purposes. A notice to cure has been served.
The papers adequately demonstrate the equities of plaintiffs’ position and their likelihood of success. Need for an injunction is premised upon First Nat. Stores v Yellowstone Shopping Center (21 NY2d 630). We should not be required, plaintiffs argue, to risk termination and forfeiture of our lease in order to test the issue of whether landlord has waived the lease use provision.
Under these circumstances, until July 29, 1982, injunctive relief would have been granted, as a matter of routine. Now, however, plaintiffs are protected by chapter 870 of *725 the Laws of 1982, amending RPAPL 753 to provide a 10-day stay of issuance of warrant during which tenant may correct any breach of lease. Now there is no threat of irreparable harm. Even if landlord should serve a notice of termination and commence and win a summary holdover proceeding in the Civil Court while this action is pending, there would be no automatic forfeiture.
Plaintiffs suggest that chapter 870 should not preclude injunctive relief because it is discretionary. They are in error. It provides that the court “shall grant a ten day stay”.
Further, plaintiffs suggest that chapter 870 may not be applicable because RPAPL 753 which it amends is limited to premises occupied for dwelling purposes, whereas the claim here is that these premises were rented for business purposes as well. Granted, but if landlord should win in the Civil Court that claim would no longer be tenable.
Finally, plaintiffs suggest that the Supreme Court with its broad equitable powers is more suited to resolve the dispute between the parties. Wrong again. Plaintiff in its complaint does seek equitable intervention — declaration of rights and injunctive relief. Both, however, are merely formulae for memorializing victory on the factual issue of waiver. And it is not the Supreme Court but rather the Civil Court with broad landlord-tenant jurisdiction and hundreds of similar cases daily which has the greater expertise on the issue.
Indeed, although I have not had the opportunity to study the legislative history, chapter 870 would appear to have as a primary purpose the elimination in most cases of the Yellowstone injunction and the heavy traffic between the Civil Court and the Supreme Court which it spawns.
Motion for preliminary injunction is denied.