■ GUY CEARLEY, Respondent, v ELI HADDAD CORP., Appellant. — Appeal from order, Supreme Court, New York County (I. Gammerman, J.), entered March 17, 1983, granting plaintiff's motion to stay a notice to cure, and other relief, pending the outcome of the action, is unanimously dismissed as moot, without costs, and said order of March 17, 1983 and the order that it superseded entered November 30, 1982 are vacated as moot. Appellant landlord contended that petitioner had violated the terms of a lease dated May 8, 1981 by using the premises for residential or joint living-working quarters, and accordingly the landlord served a "notice to cure" in September, 1982. The tenant brought this declaratory judgment action to declare that he had not violated a substantial obligation of his lease, that the subject premises are an interim multiple dwelling under article 7-C of the Multiple Dwelling Law, and for damages. The order appealed from grants a preliminary *Yellowstone (First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d 630) injunction staying the effectiveness of the notice to cure. Both sides agree that the lease expired on May 31, 1983. (The landlord commenced an ejectment action in the Supreme Court based on such expiration.) Respondent tenant contends that accordingly the appeal is now moot. Appellant landlord says that the stay contained in the order is now "hollow and without significance." The landlord suggests, as apparently the only useful purpose still to be served by the preliminary injunction, that in the event the tenant fails in his efforts to have the building declared an interim multiple dwelling, and is also unsuccessful in the declaratory judgment action, or perhaps the action for ejectment, the termination date of the lease will be significant for the purpose of computing use and occupancy, and the landlord's ability to assert the earlier termination date will be impaired unless the preliminary injunction is reversed. But the purpose of a preliminary injunction is not to determine the rights of the parties finally; certainly it is not to preserve a basis for an argument that may be made in some future hypothetical situation. The purpose of the preliminary injunction is to preserve the *status quo* provisionally until final judgment. As the lease claimed to have been violated has expired, there is no longer a need to preserve that *status quo* to prevent termination of the lease by reason of the notice to cure. There is, therefore, no need for the preliminary injunction, and it has become moot. It is of course a fact that there was a preliminary injunction in effect for part of the period involved. We express no opinion as to what effect that fact may have in any future litigation between the parties. It is enough for the present to determine that the preliminary injunction no longer serves any purpose. Concur — Sullivan, J. P., Asch, Silverman, Bloom and Milonas, JJ.

■ CATHERINE DEARAWAY et al., Appellants, v MOUNT SINAI HOSPITAL et al., Respondents. — Order, Supreme Court, New York County (Ira Gammerman, J.), entered on December 29, 1982, unanimously affirmed, without costs and without disbursements, and appeal from order of said court entered on September 10, 1982, is unanimously dismissed as having been subsumed in the appeal from the order entered on December 29, 1982, without costs and without disbursements. No opinion. Concur — Kupferman, J. P., Sullivan, Ross, Bloom and Alexander, JJ.