OPINION OF THE COURT
Harold Baer, Jr., J.
In this action brought by plaintiff corporation to recover possession of loft premises (the Loft) in a building owned by the plaintiff at 545 Broadway, New York, New York (RPAPL art 6), defendants, residential occupants of the Loft, move to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that it fails to state a cause of action, and also move for attorneys’ fees under Real Property Law § 234.
Defendants allegedly entered into possession of the Loft on January 1, 1981 pursuant to a written agreement (denominated a sublease, but in reality, an assignment agreement) with Samuel Goldberg, the former residential tenant under a three-year commercial lease commencing November 1, 1979 and expiring October 31, 1982. Defendants allege that the president of plaintiff corporation orally consented on behalf of the corporation to their occupancy of the premises with the proviso that the rent continue to be paid by Goldberg. Accord *817 ing to defendants, the rent was tendered in the name of Goldberg and accepted by plaintiff until June 9, 1982, when Goldberg made a formal written request of plaintiff for permission to assign the premises to defendants. Plaintiff responded to the request by serving Goldberg with a notice to cure in August 1982, citing two alleged defaults under the lease — the assignment of the premises without prior written consent and the refusal of access to the landlord to make necessary repairs. Goldberg thereafter commenced an action against plaintiff to obtain a declaration of the effect of the notice to cure in light of the enactment of Multiple Dwelling Law article 7-C (the Loft Law) (L 1982, ch 349, eff June 21, 1982) and for a Yellowstone injunction (see, First Natl. Stores v Yellowstone Shopping Center, 21 NY2d 630 [1968]) tolling the time within which to cure the alleged breaches of the lease.
The application for the Yellowstone injunction was denied on the ground that RPAPL 753 provides a mandatory 10-day stay prior to the issuance of a warrant, which adequately protected Goldberg’s interests. (Goldberg v Mapama Corp., index No. 18568/82, Sup Ct, NY County, Dec. 15, 1982.) It appears, however, that plaintiff never commenced any action or proceeding against Goldberg. Furthermore, the papers submitted on this motion are silent as to whether Goldberg ever prosecuted the declaratory judgment action.
The basis for plaintiffs claim for ejectment is that defendants are in occupancy of the Loft under the purported assignment of the lease by Goldberg to plaintiffs, that the assignment was made without the prior written consent of the landlord and that defendants have refused plaintiffs demand that they return possession of the premises.
Assuming for the purposes of this motion that plaintiff never consented to the assignment, it may not regain possession as a consequence thereof. It is undisputed that the Loft is subject to the Loft Law. Moreover, the Appellate Division, First Department, in Newmann v Mapama Corp. (96 AD2d 793), a case of at least passing familiarity to plaintiff corporation, found that there are at least three residential units in the building rented for residential use in whole or in part with the consent and approval of the prior landlord, and thus the appellate court concluded that the building is an interim multiple dwelling subject to the Loft Law.
As residential occupants in a loft located in an interim multiple dwelling, defendants are entitled to Loft Law protec *818 tion, including protection from eviction or other displacement other than for nonpayment of rent. (See, Multiple Dwelling Law § 286; Dworkin v Duncan, 116 Misc 2d 853, 858 [Civ Ct, NY County 1982].) The alleged failure of Goldberg and defendants to obtain plaintiff corporation’s prior consent to the assignment of the lease does not alter that conclusion. The regulations promulgated by the Loft Law provide: "If the residential occupant in possession of a covered residential unit is not the prime lessee, the lack of consent of the landlord to a sublet, assignment or subdivision establishing such occupancy shall not affect the rights of such occupant to the protections of Article 7-C, provided that such occupant was in possession of such unit prior to June 21, 1982.” (Rules and Regulations Relating to Subletting, Subdivision and Assignment § B [2].)
It is admitted by plaintiff that it has been aware of defendants’ occupancy since June 1981, when another tenant informed its president that Goldberg had ceased occupying the unit and that Mr. Nadelson was occupying it. Therefore, even utilizing the June 1981 date, rather than the January 1981 date relied upon by defendants, defendants clearly were in possession prior to the enactment of the Loft Law. Moreover, the regulation has been upheld as a valid exercise of the statutory powers given to the Loft Board under Multiple Dwelling Law article 7-C (Multiple Dwelling Law §282 [a]). (See, Matter of Association of Commercial Prop. Owners v New York City Loft Bd., index No. 92485/83, Sup Ct, NY County, May 29, 1984, Ascione, J.) Plaintiff thus has failed to state a cause of action to recover possession and the action must be dismissed.
Defendants also seek attorneys’ fees pursuant to Real Property Law § 234. Section 234 confers upon the tenant the right to recover counsel fees incurred as the result of the successful defense of any action commenced by the landlord against the tenant arising out of the lease whenever a lease of residential property provides the landlord with a right to recover attorneys’ fees incurred as a consequence of the failure of the tenant to perform any covenant or agreement contained in such lease. Paragraph 19 of the lease between Goldberg and plaintiff bestowed upon the landlord the right to recover legal fees without granting a reciprocal right to Goldberg. Section 234 fills that void despite the expiration of the lease, and defendants, as the assignees of the rights of Goldberg, are, therefore, entitled to recover reasonable attorneys’ fees. (See, Feierstein v Moser, 124 Misc 2d 369 [Sup Ct, NY County *819 1984].) Defendants, however, have not submitted an affidavit of services itemizing the work performed and the time expended on defendants’ behalf.
Accordingly, that branch of defendants’ motion seeking to dismiss the action is granted. That branch of the motion seeking reasonable counsel fees is also granted. The issue of the reasonable value of legal services rendered is severed and shall be set down for an inquest upon the payment of appropriate fees and the filing of a note of issue.