■ 144 EAST 40TH STREET LEASING CORP., Appellant, v SIDNEY SCHNEIDER, Respondent.—Order of the Supreme Court, New York County (Kristin Booth Glen, J.), entered on June 4, 1986, which denied plaintiff's motion for a preliminary injunction to toll the running of the period of time to cure certain claimed violations of its lease, is unanimously reversed, on the law and facts and in the exercise of discretion, and the motion granted, with costs.

Plaintiff tenant entered into a net lease of a hotel with defendant landlord which contained a clause permitting the landlord to terminate the lease upon 60 days' notice and the payment of a sum of money. The landlord sent a letter to tenant allegedly exercising that option and stating that the amount of $80,000 would be paid to the tenant upon the sale of the premises. The landlord also sent plaintiff a notice to cure alleged violations of the lease. Plaintiff brought this action for declaratory relief and sought a *Yellowstone* injunction tolling its time to cure, pending an adjudication of its rights. *(First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630.) The Supreme Court denied that application on the basis that defendant had an independent ground to terminate the lease. This denial, however, was in error.

The *Yellowstone* injunction is intended to preserve the status quo under the lease until the rights of the parties can be adjudicated without consideration of the merits of their contentions *(see, Newmann v Mapama Corp.,* 96 AD2d 793, 795). Such injunctive relief, moreover, is not rendered moot simply because the landlord may possess independent grounds for eviction, such as the option to terminate as provided by the lease in this case. This is especially true under the circumstances herein, where a dispute exists as to whether the exercise of the termination clause by the landlord was in accordance with that lease provision. The landlord, in effect, alleges two grounds for eviction. By extending the protection of a *Yellowstone* injunction, we simply allow plaintiff to defend against both challenges seeking to terminate the lease, without suffering a lease forfeiture pending final adjudication. Concur—Asch, J. P., Fein, Milonas, Rosenberger and Wallach, JJ.