■ NORLEE WHOLESALE CORP., INC., Doing Business as NORLEE DISTRIBUTORS, Appellant, v 4111 HEMPSTEAD TURNPIKE CORP., Respondent.—In an action for a judgment declaring that the defendant is not entitled to terminate a lease, the plaintiff appeals from an order of the Supreme Court, Nassau

County (Roncallo, J.), dated July 1, 1987, which granted the defendant's motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

On April 4, 1985, the plaintiff entered into a six-year lease with the defendant for the rental of certain commercial premises located at 4109 Hempstead Turnpike, Bethpage, New York. It is alleged by the defendant that the plaintiff had erected an unauthorized shed on the premises. On June 11, 1987, the defendant served on the plaintiff a notice to cure. The printed form was headed "Ten Day Notice to Cure"; however, the typewritten portion directed that the breach be cured by June 16, 1987—five days later.

On June 16, 1987, the plaintiff moved by order to show cause for a *Yellowstone* injunction *(see, First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630, *rearg denied* 22 NY2d 827)* tolling the period to cure and preliminarily enjoining the defendant from terminating the lease. Service was directed to be made on the defendant's attorneys or on a corporate officer of the defendant on or before June 17, 1987, at 5:00 P.M. It appears that Catherine Quevedo, the sole shareholder, director and officer of the defendant was home on June 16, 1987, all day except for a few hours in the afternoon when her housekeeper was there. Quevedo left her home at 7:15 P.M. and, when she returned at 11:30 P.M., she found the ex parte order together with a summons and complaint "squeezed by the door handle". Also, the law firm of the defendant was open during normal business hours on June 16, 1987, and June 17, 1987, but service was made by crumpling the papers by the front doorknob sometime between 6:45 P.M. on June 16, 1987, and 8:30 A.M. on June 17, 1987. No attempt at service was made during regular office hours.

On June 18, 1987, the defendant served an answer and a cross motion to dismiss pursuant to CPLR 3211 asserting a lack of jurisdiction. Also on June 18, 1987, the defendant sent the plaintiff a notice of termination extinguishing the tenancy as of June 21, 1987. The plaintiff procured a second order to show cause dated June 22, 1987, returnable on June 29, 1987, seeking the identical *Yellowstone* relief sought in the prior order. On June 24, 1987, the plaintiff served the Secretary of State with the summons and complaint.

By order dated June 29, 1987, the Supreme Court granted

the defendant's cross motion to dismiss under CPLR 3211, and all other applications and motions were denied as academic. The court concluded that jurisdiction had never been obtained over the defendant by virtue of the lack of due diligence and flawed service of the order to show cause dated June 16, 1987.

Initially, we note that service of the June 16, 1987, order to show cause containing the *Yellowstone* temporary restraining order and a summons and complaint was improper as to both the officer of the defendant corporation and its attorneys. Pursuant to CPLR 308 (4), "nail and mail" service may only be utilized when, with due diligence, it is impossible to serve a party personally or to deliver the papers to a person of suitable age and discretion at the party's business dwelling or abode with a follow-up mailing. Not only did the process server herein fail to meet the due diligence requirement to entitle him to utilize CPLR 308 (4), but the papers were not "affixed" to the door as required by the statute *(see, PacAmOr Bearings v Foley,* 92 AD2d 959; *Barnes v City of New York,* 70 AD2d 580, *affd* 51 NY2d 906).

As the "nail and mail" method utilized failed to meet the statutory due diligence requirement, *Yellowstone* relief could not be obtained nunc pro tunc by the second order to show cause obtained on June 29, 1987, since the tenant seeking a toll of the period to cure must obtain a valid preliminary injunction prior to termination of the leasehold *(First Natl. Stores v Yellowstone Shopping Center, supra).* In this regard, the plaintiff herein is in the same position as the plaintiff in *Yellowstone.* It failed to procure a valid temporary restraining order before the landlord acted to terminate the tenancy. Since the leasehold was properly terminated in accordance with the terms contained in the lease, it cannot now be revived *(see, First Natl. Stores v Yellowstone Shopping Center, supra)* in the manner attempted in this case.

The plaintiff's contention that the defendant was bound to honor the injunction notwithstanding the improper service because it was aware of its content is untenable *(see, Macchia v Russo,* 67 NY2d 592; *De Zego v Donald F. Bruhn, M.D., P. C.,* 67 NY2d 875; *Feinstein v Bergner,* 48 NY2d 234). Equally unavailing is the plaintiff's argument that the subsequent service of the summons and complaint on the Secretary of State on June 24, 1987, conferred jurisdiction retroactive to June 16, 1987. While it is true that under CPLR 203 (b) (3) the summons will be deemed to relate back to the date of a provisional remedy if the summons is served within 30 days, the jurisdiction obtained on June 24, 1987 could not relate

back to June 16, 1987, as the injunction issued on that date was void as a result of improper service. The defendant could properly serve the notice of termination on June 18, 1987, since no injunction was in force on that date.

Further, the plaintiff's contention that the notices to cure and terminate were ineffective because they were not signed by the landlord is without merit. In *Siegel v Kentucky Fried Chicken* (67 NY2d 792), the Court of Appeals held that notices of default and termination must be issued by either the owner or an attorney named in the lease and not by a third-party attorney with whom the tenant had never previously dealt. Unlike *Siegel*, in this case the notices at issue were issued by the landlord and were in proper form.

The Supreme Court therefore correctly determined that (1) the temporary restraining order was not properly served, and (2) the notices to cure and terminate the lease were validly issued, thereby precluding the plaintiff from curing the alleged breach of the lease. However, notwithstanding the service of the notice of termination, the declaratory judgment action which was commenced by the service of a summons and complaint on the Secretary of State on June 24, 1987, should not have been dismissed. The declaratory judgment action did not depend for its validity on the proper service of the order to show cause but is an existing action which must be resolved on the merits, despite the prior valid service of the notice to terminate the lease and the plaintiff's inability to cure the breach. In *Mann Theatres Corp. v Mid-Island Shopping Plaza Co.* (94 AD2d 466, 475-476, *affd* 62 NY2d 930), this situation was explained, as follows: "Under the procedure promulgated in *First Nat. Stores v Yellowstone Shopping Center* (21 NY2d 630), a tenant may obtain a restraining order which tolls the running of the notice to cure until a declaration of the parties' rights may be had * * * In *Yellowstone (supra)*, the tenant's failure to obtain a restraining order until after the cure period had run was fatal since there is no judicial power to revive a cure period that has expired *(First Nat. Stores v Yellowstone Shopping Center, supra,* p 637). Absent a toll of the cure period, a judicial determination that the lease has been violated leaves the tenant without the ability to cure *(Wuertz v Cowne* [65 AD2d 528]) if the time to cure has elapsed by the time of decision. Therefore, a tenant who fails to seek a restraining order tolling the time to cure must either cure during the time limited *or litigate under the peril that a negative determination of the substantive issues will destroy the leasehold without a further opportunity for cure*

*(Schuller v D'Angelo,* 117 Misc 2d 528; Sadowsky, Forfeiture of Leases: A Trap for the Unwary, NYLJ, Dec. 31, 1970, p 1, col 4)" (emphasis supplied).

Here, there has been no toll of the period in which to cure, and, consequently, there has been an irrevocable lapse of the time to cure. Therefore, while the plaintiff can litigate the substantive question of the breach of the lease, it can do so only "under the peril that a negative determination of the substantive issues will destroy the leasehold without a further opportunity for cure" *(Mann Theatres Corp. v Mid-Island Shopping Plaza Co., supra,* at 476).

Accordingly, the defendant's motion for summary judgment dismissing the declaratory judgment action is denied, and the matter is remitted to the Supreme Court for further proceedings and a determination of the action on the merits. Mollen, P. J., Brown, Spatt and Sullivan, JJ., concur.