■ T.W. DRESS CORP., Appellant, v MYRON L. KAUFMAN et al., Respondents.—In an action for a judgment declaring, *inter alia,* that the defendants are not entitled to terminate a lease, the plaintiff appeals from an order of the Supreme Court, Nassau County (Molloy, J.), entered January 13, 1988, which denied its motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

We conclude that the plaintiff's motion for a *Yellowstone* injunction *(see, First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630, *rearg denied* 22 NY2d 827), was properly denied. In order to preserve the right to cure a default under the lease by a declaratory judgment action, the tenant must obtain a stay of the period within which the default may be cured *(see, First Natl. Stores v Yellowstone Shopping Center, supra,* at 637; *Health N Sports v Providence Capitol Realty Group,* 75 AD2d 884). In the instant case, the plaintiff moved for a preliminary injunction and obtained a temporary restraining order tolling the cure period pending the hearing of the motion. On the return date of the motion, however, the plaintiff's counsel failed to appear and obtain an extension of the temporary restraining order. Consequently, the cure period expired and the defendants served a termination notice in accordance with the terms of the lease. Thereafter, the plaintiff procured a second order to show cause, seeking the identical *Yellowstone* relief sought in the prior order.

The plaintiff contends that the lapse of the first temporary restraining order was a mere technicality and not irrevocable. We disagree. The failure of the plaintiff to toll the curative period under the lease divested the court of its power to grant a *Yellowstone* injunction *(see, First Natl. Stores v Yellowstone Shopping Center, supra; Norlee Wholesale Corp. v 4111 Hempstead Turnpike Corp.,* 138 AD2d 466). We reject the argument that the failure of the plaintiff's counsel to obtain an extension of the temporary restraining order constituted "an erroneous or inadvertent failure to continue a properly granted ex parte toll" *(Mann Theatres Corp. v Mid-Island Shopping Plaza Co.,* 94 AD2d 466, 476, *affd* 62 NY2d 930).

We have examined the plaintiff's remaining contentions and

find them to be without merit. Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.