■ DAN'S SUPREME SUPERMARKETS, INC., Appellant, v PLYMOUTH REALTY CO., Respondent.—In an action for a judgment declaring, inter alia, that the plaintiff is not required to operate a supermarket at certain leased premises, and for injunctive relief, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated August 16, 1990, as (1) denied its motion for summary judgment, or in the alternative, for a Yellowstone injunction (see, First Natl. Stores v Yellowstone Shopping Center, 21 NY2d 630), (2) granted the defendant's cross motion to enjoin the plaintiff from discontinuing its use of the leasehold as a supermarket, and (3) upon searching the record, granted the defendant summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, the defendant's cross motion for injunctive relief is denied, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court,

Nassau County, for a trial on the issue of damages; and it is further,

Ordered that following determination of the issue of damages, the court shall enter an appropriate judgment, including declarations that the defendant's notice of default is void and that the plaintiff may operate the leased premises as a retail party-goods store, or may close the premises for business permanently or temporarily; and it is further,

Ordered that the plaintiff is awarded costs.

Initially, we note that since this is a declaratory judgment action, the Supreme Court should have made a declaration rather than dismissing the complaint (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901).

Section 8 of the subject lease clearly and unambiguously grants the plaintiff tenant the right to operate the subject premises, which it had originally leased for use as a supermarket, "for any and all other lawful retail purposes, provided such other lawful retail purposes do not violate any written restrictive agreement to which Landlord is a party with any tenant of the Shopping Center". There being no indication that the opening of a party-goods store would violate a restrictive agreement to which the defendant landlord is a party, the plaintiff is entitled to operate a retail party-goods store at the leased premises.

Similarly clear and unambiguous is the wording of section 5 (C) of the subject lease, which gives the plaintiff "the right, at any time, to close all or any part of the Premises for business to the public of any kind, for such periods of time, permanently or temporarily, as it shall determine".

Thus, the plaintiff is entitled to summary judgment, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.

In light of the foregoing, the plaintiff's request for a Yellowstone injunction is academic. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.