■ LAJOS LAUFER, Appellant-Respondent, v COLUMBUS W. 82 APARTMENTS CORP. et al., Respondents-Appellants. [627 NYS2d 930] —In an action for a judgment, *inter alia,* declaring that 20 proprietary leases in a cooperative apartment had not been terminated, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated July 7, 1993, as, upon granting his motion for reargument and/or renewal, adhered to its prior determination in an order dated March 9, 1993, which, among other things, dismissed the complaint and granted the defendants' motion for summary judgment declaring that the 20 proprietary leases held by the plaintiff were terminated effective February 8, 1992, (2) from an order of the same court, also dated July 7, 1993, which denied the plaintiff's motion to compel the defendants to reinstate the 20 proprietary leases, and (3) from an order of the same court, also dated July 7, 1993, which denied the plaintiff's motion to dismiss the defendants' second and third counterclaims. The defendants cross-appeal from so much of the order dated July 7, 1993, as granted the branch of the plaintiff's motion which was for reargument and/or renewal.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents-appellants.

The court properly granted summary judgment to the defendants since they proffered sufficient evidence to demonstrate that no triable issues of fact existed, and the plaintiff's papers in opposition were insufficient to raise triable issues as to whether the subject proprietary leases were wrongfully terminated *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557; *Dress Shirt Sales v Hotel Martinique Assocs.,* 12 NY2d 339; *Hakim v Mahdavian,* 185 AD2d 428).

The court properly denied the plaintiff's motion to compel

the defendants to reinstate the leases, since once a lease has been effectively terminated in accordance with its terms, a court is without power to revive it *(see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630; *Norlee Wholesale Corp. v 4111 Hempstead Turnpike Corp.,* 138 AD2d 466).

We have reviewed the parties' remaining contentions and find them to be without merit. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.