(April 29, 2002)

■ ESTHER BENENSON et al., Appellants, v SKEK ASSOCIATES, Respondent. [741 NYS2d 418] —In an action, inter alia, for a judg-

ment declaring the rights and obligations of the parties under a commercial lease, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Polizzi, J.), entered December 29, 2000, which, upon an order of the same court, dated April 4, 2000, denying their motion for a *Yellowstone* injunction, and an order of the same court, dated October 3, 2000, granting the defendant's motion pursuant to CPLR 3211 (a) (4) to dismiss the complaint, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Since the plaintiffs moved for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630) after "the running of the applicable cure period" (*Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.,* 93 NY2d 508), their motion was properly denied (*see, Newtech Video & Computer v 350 Seventh Ave. Assoc.,* 207 AD2d 730; *T.W. Dress Corp. v Kaufman,* 143 AD2d 900; *Health N Sports v Providence Capitol Realty Group,* 75 AD2d 884).

The relief which the plaintiffs seek in the instant action is "substantially the same" (*Kent Dev. Co. v Liccione,* 37 NY2d 899) as the relief which they seek in a counterclaim in another action pending between the parties. Therefore, the Supreme Court properly granted the defendant's motion to dismiss the complaint in the instant action (*see* CPLR 3211 [a] [4]; *cf. JC Mfg. v NPI Elec.,* 178 AD2d 505).

The plaintiffs' remaining contention is without merit. Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.