■ SKEK Associates, Respondent, v Esther Benenson et al., Appellants. (Action No. 1.) Esther Benenson et al., Appellants, v SKEK Associates, Respondent. (Action No. 2.) [744 NYS2d 421] —In an action to recover damages for breach of a commercial lease (action No. 1), and a related action, inter alia, for a judgment declaring the rights and obligations of the parties under that lease (action No. 2), Esther Benenson, Michael Benenson, and Sharon Benenson, the defendants in action No. 1 and the plaintiffs in action No. 2, appeal from (1) an order of the Supreme Court, Queens County (Polizzi, J.), dated April 4, 2000, which denied their motion for a *Yellowstone* injunction in action No. 2, and (2) an order of the Supreme Court, Nassau County (McCarty, J.), dated June 23, 2000, which denied their motion to dismiss the complaint in action No. 1.

Ordered that the appeal from the order dated April 4, 2000, is dismissed, without costs or disbursements, as that order was superseded by a judgment entered December 29, 2000; and it is further,

Ordered that the order dated June 23, 2000, is modified, on the law, by deleting the provision thereof denying the appellants' motion to dismiss the complaint, and substituting therefor a provision granting that motion to the extent that the second and third causes of action are dismissed and otherwise

denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The appeal from the intermediate order in action No. 2 must be dismissed, because the right of direct appeal therefrom terminated with the entry of judgment in that action (*see Matter of Aho,* 39 NY2d 241). The issues raised on the appeal from that order are brought up for review and have been considered on the appellants' separate appeal from that judgment (*see* CPLR 5501 [a]; *Benenson v SKEK Assoc.,* 293 AD2d 694 [decided herewith]).

In the second and third causes of action in action No. 1, which SKEK Associates (hereinafter SKEK) commenced in Nassau County, the respondent, which essentially alleges that it is entitled to more rent than that for which the Department of Health would reimburse the appellants, effectively seeks to relitigate "an issue clearly raised" in a prior Civil Court proceeding "and decided against [it]" (*Pinnacle Consultants v Leucadia Natl. Corp.,* 94 NY2d 426). Since SKEK "had a full and fair opportunity to litigate [this] issue" in that proceeding, the doctrine of collateral estoppel operates to prevent it from raising the issue once again in the instant action (*Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 347). Thus, the Supreme Court should have dismissed the second and third causes of action in action No. 1 (*see* CPLR 3211 [a] [5]).

The parties' remaining contentions are without merit. Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.