■ ANDEJO CORPORATION, Doing Business as SEAPORT WATCH COMPANY, et al., Plaintiffs, and FULTON MARKET RETAIL FISH INC., Doing Business as SIMPLY SEAFOOD, Appellant, v SOUTH STREET SEAPORT LIMITED PARTNERSHIP et al., Respondents. [13 NYS3d 55]—Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered November 14, 2013, which, following a nonjury trial, awarded defendants

landlords South Street Seaport Limited Partnership and Seaport Marketplace, L.L.C. full and exclusive use and possession of the subject premises, unanimously affirmed, without costs.

There is no basis upon which to disturb the factual findings of the trial court which rest largely on credibility determinations and are supported by evidence establishing that plaintiff tenant was in default of its lease based on its failure to pay rent and utilities (see Claridge Gardens v Menotti, 160 AD2d 544 [1st 1990]). The lease provided that upon "the occurrence and continuance of an Event of default," defendants landlords, without notice, could elect to terminate the lease.

The trial court also properly found, based on evidence that plaintiff tenant deliberately and intentionally violated other lease provisions by failing to pay any utility charges for approximately a decade and misreporting gross sales, that equitable considerations do not warrant a finding that plaintiff should not forfeit the lease (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630, 637 [1968]).

We have considered plaintiff tenant's remaining arguments, including that it was entitled to exercise an option to renew the lease, and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Renwick, Saxe and Feinman, JJ.