Artcorp. Inc. v Citirich Realty Corp. (2019 NY Slip Op 00353)





Artcorp. Inc. v Citirich Realty Corp.


2019 NY Slip Op 00353


Decided on January 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2019

Manzanet-Daniels, J.P., Gische, Mazzarelli, Kahn, JJ.


8123 653878/13

[*1]Artcorp. Inc., Plaintiff-Appellant,
v
Citirich Realty Corp., Defendant-Respondent.


Moulinos & Associates LLC, New York (Daniel Moulinos of counsel), for appellant.
Todd Rothenberg, New Rochelle, for respondent.

 Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered February 20, 2018, which denied plaintiff's motion for partial summary judgment declaring that plaintiff was not in breach of its lease agreement with defendant and that the notice to cure served upon it was defective, affirmed, without costs.
 Contrary to plaintiff's contention, the issue of whether plaintiff's assignment of its ownership interests in the subject lease was never decided on the prior appeal (124 AD3d 545, 546 [1st Dept 2015]). In that case, which reversed the motion court's denial of Yellowstone relief to plaintiff, this Court explicitly stated that "[t]o obtain Yellowstone relief a tenant need not show a likelihood of success on the merits."
 Even if plaintiff defaulted on the lease, "it is not necessary, in order to cure, that a tenant show that it is able to erase the past, as long as it can show that it is able to bring itself into compliance with the lease without vacating the premises" (Empire State Bldg. Assoc. v Trump Empire State Partners, 245 AD2d 225, 229 [1st Dept 1997]). As found in Artcorp Inc., plaintiff "asserted its willingness to cure the allegedly improper assignment of its shares, and had the ability to do so either by transferring its shares back to the deceased owner's estate. . .or by seeking consent from the landlord" (124 AD3d at 546), which could be obtained post-assignment. In view of plaintiff's willingness to cure the allegedly improper assignment of its shares, the remaining issue is whether plaintiff defaulted on the lease.
 We have considered the remaining contentions and find them unavailing.
 All concur except Gische, J. who concurs
 in a seperate memorandum as follows:




GISCHE, J. (concurring)


I write separately because although I agree with my colleagues that the underlying order should be affirmed, I do so based upon a different analysis of the issues presented. I agree that this court's prior granting of a Yellowstone injunction did not resolve the merits of the parties' underlying dispute about whether the tenant was in default of the underlying lease. I disagree with the majority to the extent they do not discuss the central issue on this appeal, which is whether this court should determine, as a matter of law, that a default did not occur, but instead focus on whether plaintiff has an ability to cure any default.
Yellowstone injunctions grant a toll of the cure period to the tenant so that the parties may litigate the issue of whether a tenant is actually in default, without the tenant forfeiting a valuable underlying leasehold. If the tenant is successful in proving that it is not in default, then there is no need for any cure and the tenant remains in possession. If the tenant does not succeed, and it is determined to be in default, then the tenant still has the right to effect a cure to retain the leasehold (Graubard, Mollen, v 600 Third Avenue Assocs., 93 NY2d 508 [1999] ["A Yellowstone injunction maintains the status quo so that a commercial tenant, when confronted by a threat of termination of its lease, may protect its investment in the leasehold by obtaining a stay tolling the [*2]cure period so that upon an adverse determination on the merits, the tenant may cure the default and avoid a forfeiture."]; First National Stores, Inc. v Yellowstone Shopping Center, Inc., 21 NY2d 630 [1968]). Here, the tenant claims that it is entitled to summary judgment declaring that it was not in default of the lease. The issue of the cure was not before the court. The tenant, however, failed to make a prima facie case that it was not in default.
The Notice of Default claims that the tenant had made an assignment without the consent of the landlord. Paragraph 51(i) of the lease provides as follows:
"Any transfer, in one or aggregate transactions, of a majority of the issued and outstanding capital stock of a corporate tenant or a change in the composition of a tenant which is a partnership or a limited liability company shall be deemed an assignment of this Lease for which the Landlord's consent and strict compliance with this Article are required."
Tenant acknowledges that Artcorp is the corporate tenant. At the time of the signing of the lease, Artcorp stock was owned 100% by Brandon Stewart, who personally guaranteed the lease. Shortly before his death, Stewart transferred his hundred percent interest in Artcorp to Serge Gregorian. Gregorian claims that this transfer did not change corporate control under paragraph 51(i) of the lease because he already was the beneficial owner of 50% of Artcorp before the transfer. No documentation of this claim is provided. On its face, this does not prove that the transfer was not an assignment prohibited under the lease because the landlord's prior consent was not obtained. The fact that we stated in the prior appeal that a "cure" could be effected by obtaining consent after the fact, does not negate the existence of a default in the first place. Any issues of cure are premature unless and until a breach is determinated to have occurred. In that event, the tenant can attempt to cure. Additionally, even if the tenant can cure in this case by seeking late landlord consent, the landlord still has the right to reasonably withhold its consent. These are issues that should not be reached on this appeal, which concerns only whether a default has occurred.
Accordingly, I agree with my colleagues that the motion court should be affirmed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 17, 2019
CLERK