# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA; THE STATE OF NEVADA DEPARTMENT OF CORRECTIONS; JAMES DZURENDA, DIRECTOR OF THE NEVADA DEPARTMENT OF CORRECTIONS, IN HIS OFFICIAL CAPACITY; AND IHSAN AZZAM, PH.D., M.D., CHIEF MEDICAL OFFICER OF THE STATE OF NEVADA IN HIS OFFICIAL CAPACITY,
Appellants,
vs.
ALVOGEN, INC.,
Respondent.

No. 77100

FILED

OCT 21 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

THE STATE OF NEVADA; THE STATE OF NEVADA DEPARTMENT OF CORRECTIONS; JAMES DZURENDA, DIRECTOR OF THE NEVADA DEPARTMENT OF CORRECTIONS, IN HIS OFFICIAL CAPACITY; AND IHSAN AZZAM, PH.D., M.D., CHIEF MEDICAL OFFICER OF THE STATE OF NEVADA IN HIS OFFICIAL CAPACITY,
Appellants,
vs.
ALVOGEN, INC.,
Respondent.

No. 77365

## ORDER DISMISSING APPEALS

These are consolidated appeals from a district court preliminary injunction prohibiting appellants from using respondent Alvogen, Inc.'s midazolam product in capital punishment. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

 

19-43429

During the pendency of these appeals, the execution for which preliminary injunction relief was sought was negated, and we ordered the parties to show cause why the district court's preliminary injunction should not be summarily vacated and the matter remanded, or to otherwise demonstrate the justiciability of these appeals. The parties timely responded, asserting that the issues on appeal remain justiciable due to the general applicability of the district court's injunction and the likelihood that other executions will be scheduled in the near future, in which the State will attempt to use Alvogen's product. The State specifically noted that another condemned inmate desired to waive his appeals and proceed with execution.

Upon consideration of the responses, we entered an order of limited remand directing the district court to determine whether, given the changed circumstances, the preliminary injunction was still warranted. The district court concluded that it was, because the execution protocol relying on midazolam remains in effect and the State will need to use Alvogen's midazolam product in any execution occurring before the product's expiration date in January 2020. The court also acknowledged, however, that the State had not pointed to any facts showing that it will be required to carry out an execution before the drug's expiration date. Thus, in its order, the court directed the State to provide notice, at least 30 days prior to the execution date, "if it intends to seek to lift the preliminary injunction to use Alvogen's Midazolam Product in an execution." To date, the district court docket entries reflect no such notice being filed.

In light of the district court's findings and recognition that no execution is currently scheduled, we disagree that the preliminary injunction, and these appeals therefrom, remain viable. Execution warrants must be signed at least 60 days before an execution week. NRS 176.345(1); see also NRS 176.495 (providing that any new execution

SUPREME COURT
OF
NEVADA

(O) 1947A

warrant must issue between 15 and 30 days from the execution week). Neither Alvogen nor the State has pointed to any currently pending execution warrant, and the midazolam will expire by the end of January. As the situation underlying the preliminary injunction has changed, our decision in these appeals can have no real effect. *See Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 720, 100 P.3d 179, 186 (2004) (recognizing that events subsequent to the district court's decision can render an appeal moot); *see also Sherman v. Clark*, 4 Nev. 138, 142 (1868) (noting that the injury supporting issuance of a preliminary injunction must be reasonably probable and real, not theoretical). The changed circumstances have rendered both the injunction and these appeals moot.

Therefore, we vacate the district court's preliminary injunction and dismiss these appeals as moot. *See generally Cearley v. Eli Haddad Corp.*, 469 N.Y.S.2d 365, 366 (App. Div. 1983) (vacating preliminary injunction that no longer served any purpose). The underlying action remains pending below, and Alvogen may seek a new preliminary injunction should the need arise. Accordingly, we

ORDER the preliminary injunction VACATED and these appeals DISMISSED.

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Attorney General/Las Vegas
Latham & Watkins LLP/Chicago
Latham & Watkins LLP/Washington DC
Pisanelli Bice, PLLC
Eighth District Court Clerk