Good Fortune Rest., Inc. v Kissena Group, LLC (2020 NY Slip Op 04294)





Good Fortune Rest., Inc. v Kissena Group, LLC


2020 NY Slip Op 04294


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2019-05166
 (Index No. 715406/18)

[*1]Good Fortune Restaurant, Inc., appellant,
v
Kissena Group, LLC, respondent.


Leon I. Behar, P.C., New York NY, for appellant.
Kaplan & Chun, P.C., New York, NY (Howard C. Chun of counsel), for respondent.



DECISION & ORDER
In an action for declaratory and related injunctive relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered May 20, 2019. The order denied the plaintiff's motion for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630).
ORDERED that the order is affirmed, with costs.
The plaintiff, a commercial tenant, commenced this action for declaratory and injunctive relief against the defendant and simultaneously moved for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630). The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"To obtain a Yellowstone injunction, the tenant must demonstrate that (1) it holds a commercial lease, (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease, (3) it requested injunctive relief prior to both the termination of the lease and the expiration of the cure period set forth in the lease and the landlord's notice to cure, and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (Barsyl Supermarkets, Inc. v Avenue P Assoc., LLC, 86 AD3d 545, 546; see 146 Broadway Assoc., LLC v Bridgeview at Broadway, LLC, 164 AD3d 1193, 1194-1195). Here, the plaintiff failed to demonstrate that it was willing and able to cure its default (see id.). The plaintiff's remaining contentions have no bearing on whether it is entitled to a Yellowstone injunction (see Linmont Realty v Vitocarl, Inc., 147 AD2d 618, 620).
Therefore, we agree with the Supreme Court's determination to deny the plaintiff's motion.
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court