Middletown Flea Mkt., LLC v Middletown Plaza Holdings, LLC (2023 NY Slip Op 02778)

Middletown Flea Mkt., LLC v Middletown Plaza Holdings, LLC

2023 NY Slip Op 02778

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2021-04414
2021-07888
 (Index No. 982/20)

[*1]Middletown Flea Market, LLC, appellant,
v
Middletown Plaza Holdings, LLC, respondent (and another matter).

Annette G. Hasapidis, South Salem, NY, for appellant.
Wenig Saltiel, LLP, Brooklyn, NY (Meryl L. Wenig and Dan M. Blumenthal of counsel), for respondent.

DECISION & ORDER
In an action for declaratory relief, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated May 14, 2021, and (2) an order of the same court dated September 13, 2021. The order dated May 14, 2021, denied the plaintiff's motion for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630). The order dated September 13, 2021, insofar as appealed from, upon reargument, adhered to so much of the prior determination in the order dated May 14, 2021, as denied the plaintiff's motion for a Yellowstone injunction on the ground that the plaintiff failed to demonstrate that it carried appropriate insurance for its contractors as required by the parties' lease agreement.
ORDERED that the appeal from so much the order dated May 14, 2021, as denied the plaintiff's motion for a Yellowstone injunction on the ground that the plaintiff failed to demonstrate that it carried appropriate insurance for its contractors as required by the parties' lease agreement is dismissed, as that portion of the order was superseded by the order dated September 13, 2021, made upon reargument; and it is further,
ORDERED that the order dated May 14, 2021, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated September 13, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In June 2019, the parties entered into a lease agreement pursuant to which the plaintiff leased certain retail space located in Middletown. The lease agreement, which was to commence on the date that the defendant notified the plaintiff that it had completed certain roof repairs, provided that the demised premises were to be used as a "retail space for sales of multiple vendor[s'] goods." The lease agreement further provided that the plaintiff would obtain "special form property" insurance, general liability insurance, and worker's compensation insurance, listing the defendant [*2]as an additional insured, that no contractor would work on the premises until proof of appropriate insurance was received and approved by the defendant, and that the plaintiff would not transfer or assign the lease or "sublease all or any portion of the [d]emised [p]remises" without the defendant's prior written consent.
In November 2020, the defendant served notice of its intention to terminate the lease, alleging, inter alia, that the plaintiff failed to obtain special form property insurance and general liability insurance, failed to provide proof of insurance for contractors who were working on the premises, and failed to obtain the defendant's prior consent before subletting portions of the premises. Thereafter, the plaintiff moved for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630). The defendant opposed the motion. By order dated May 14, 2021, the Supreme Court denied the plaintiff's motion. The plaintiff then moved for leave to reargue its motion for a Yellowstone injunction only to the extent that the order dated May 14, 2021, denied the motion on the ground that the plaintiff failed to demonstrate that it carried appropriate insurance for its contractors as required by the lease agreement. By order dated September 13, 2021, the court granted reargument and, upon reargument, adhered to so much of the original determination in the order dated May 14, 2021, as denied the plaintiff's motion for a Yellowstone injunction on the ground that the plaintiff failed to demonstrate that it carried appropriate insurance for its contractors as required by the parties' lease agreement. The plaintiff appeals from both orders.
"'To obtain a Yellowstone injunction, the tenant must demonstrate that (1) it holds a commercial lease, (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease, (3) it requested injunctive relief prior to both the termination of the lease and the expiration of the cure period set forth in the lease and the landlord's notice to cure, and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises'" (Good Fortune Rest., Inc. v Kissena Group, LLC, 185 AD3d 1013, 1013, quoting Barsyl Supermarkets, Inc. v Avenue P Assoc., LLC, 86 AD3d 545, 546).
Here, the plaintiff failed to demonstrate that it was willing and able to cure its defaults. In support of its motion for a Yellowstone injunction, the plaintiff submitted evidence that it obtained a policy of general liability insurance which became effective on November 27, 2019. However, the plaintiff also submitted an affidavit from its principal in which he stated that "[p]rior to November 2019, heat was not required for the premises as it was not cold enough outside to require heat in the premises," and in opposition to the motion, the defendant submitted an estoppel certificate executed by the plaintiff's principal on October 3, 2019, and an affidavit and photographs which demonstrated that the plaintiff performed alterations to the premises between August 2019 and October 2019. This evidence demonstrated that the plaintiff occupied the premises before the effective date of the policy. Furthermore, the certificate of liability insurance related to the plaintiff's electrical contractor, by its own terms, does not constitute evidence that the defendant was named as an additional insured absent an additional insured provision in the policy or an endorsement, and the plaintiff did not submit any evidence demonstrating that its contractors complied with the requirement in the lease agreement that they "shall have the same insurance coverage as required under" the lease agreement, or that proof of such coverage was received and approved by the defendant (see Rudnitsky v Macy's Real Estate, LLC, 189 AD3d 490, 492; Metropolitan Heat & Power Co., Inc. v AIG Claims Servs., Inc., 47 AD3d 621, 623). Under these circumstances, the fact that the plaintiff obtained prospective insurance could not retrospectively cure the default arising from the plaintiff's failure to have continually maintained insurance coverage in the defendant's favor as required by the lease agreement (see Prince Fashions, Inc. v 60G 542 Broadway Owner, LLC, 149 AD3d 529, 530; JT Queens Carwash, Inc. v 88-16 N. Blvd., LLC, 101 AD3d 1089, 1090; Kyung Sik Kim v Idylwood, N.Y., LLC, 66 AD3d 528, 529).
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court