■ FILMTRUCKS, INC., Appellant-Respondent, v EXPRESS INDUSTRIES AND TERMINAL CORPORATION et al., Respondents-Appellants.—Order, Supreme Court, New York County (Hortense Gabel J.), entered October 23, 1985, which granted plaintiff's motion to the extent of continuing the stay previously granted temporarily enjoining defendants from obstructing or impeding or interfering with the ingress and egress of plaintiff's vehicles to and from Pier 40, and from commencing proceedings in Landlord-Tenant Court to remove plaintiff from the premises; upheld the validity of the notice to cure served on

the plaintiff; directed a trial of the limited factual issue of whether, and when, the notice to cure was served; and denied defendants' cross motion to dismiss the complaint; unanimously modified, on the law, to the extent of declaring that the purported notice to cure is a nullity, and otherwise affirmed, without costs.

Defendant Express Industries and Terminal Corporation is the lessee of Pier 40 at the Hudson River. By what the parties termed a "license agreement", defendant leased to plaintiff Filmtrucks, Inc. certain space at Pier 40 for warehousing and storage of its vehicles and equipment commencing April 1, 1985 at a monthly rental of $15,407.29. Section 8 (a) of the agreement provides: "In the event Company defaults in any of its obligations hereunder, it shall have sixty (60) days from the date on which it receives written notice of default from *Warehouse* [the license defines Warehouse as defendant Express Industries and Terminal Corp] to cure said default, failing which, Warehouse shall have the right to immediate possession of the premises and Company shall quit and surrender the premises to Warehouse in the same order and condition as to which same were delivered to Company, reasonable wear and tear excepted."

Defendant allegedly mailed on July 25, 1985, and personally delivered to plaintiff on July 26, 1985, the purported notice to cure here in issue. The communication involved was in the form of a letter from defendant's attorney to plaintiff advising the latter that it had not tendered the security deposit as required by the agreement, that it was improperly using 12 to 14 spaces at the loading dock for parking in violation of the agreement which limited plaintiff to eight spaces in that location to be used for loading and unloading only, and concluded with the statement that "Unless the above is rectified and the security deposited, we would appreciate your immediately vacating the space and not require any action on our part". The letter which was signed by the attorney only, made no reference whatsoever to section 8 (a) of the agreement.

This letter cannot properly be found to constitute the notice to cure called for under section 8 (a) of the "license agreement". The purpose of a notice to cure is to specifically apprise the tenant of claimed defaults in its obligations under the lease and of the forfeiture and termination of the lease if the claimed default is not cured within a set period of time. While the letter involved does specify deficiencies in the performance of two of the tenant's obligations, it merely

advises the plaintiff, in an ambiguous manner, that in the event of a failure to cure "we would appreciate your immediately vacating the space and not require any action on our part". The letter neither refers to section 8 (a) of the agreement nor does it advise the tenant that it has 60 days to cure, failing which the defendant can take immediate possession of the premises as provided in the agreement. Accordingly, such letter was ineffective to serve as a notice to cure. *(See, Chinatown Apts. v Chu Cho Lam,* 51 NY2d 786.)

Moreover, the purported notice was further deficient because it was sent in the attorney's name and was signed by him notwithstanding that the attorney was not named in the agreement. The law is now clear that where, as here, the agreement provides for notice to be given by the landlord, a notice of termination, not signed by the owner or the attorney named in the lease, is insufficient and may be ignored by the tenant as not in compliance with the lease provisions concerning notice. *(Siegel v Kentucky Fried Chicken,* 67 NY2d 792.)

We have examined the other points raised on this appeal and find them to be without merit. Concur—Sullivan, J. P., Carro, Asch and Ellerin, JJ.