■ MARY ANN SPINALE, Respondent, et al., Plaintiff, v 10 WEST 66TH STREET CORPORATION, Appellant, et al., Defendants. [622 NYS2d 1] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about July 20, 1993, which, *inter alia,* dismissed appellant cooperative's cause of action for ejectment against respondent proprietary lessee to the extent it is based on respondent's violation of paragraph 13 of the proprietary lease requiring compliance with House Rules and House Rule 5 (F) requiring that a hard floor covering be laid over plywood, unanimously affirmed, without costs.

The IAS Court properly estopped appellant from invoking House Rule 5 (F) where a violation thereof was allegedly caused by alterations undertaken by respondent with appellant's express written consent *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184), and also properly held that respondent could not be evicted for other alleged violations that were not set forth in the notice of default *(see, Filmtrucks, Inc. v Express Indus. & Term. Corp.,* 127 AD2d 509). The result does not implicate public policy where no violations of the Building Code have been cited let alone demonstrated, and the rights of respondent's downstairs neighbor will be adequately protected by appellant's remaining claim that respondent is in violation of the lease provision prohibiting unreasonable noises. Concur—Murphy, P. J., Sullivan, Rosenberger and Asch, JJ.

■ In the Matter of MARY ANN SPINALE, Appellant, v 10 WEST 66TH STREET CORPORATION, Respondent. [621 NYS2d 840] —Order, Supreme Court, New York County (Herman Cahn, J.), entered March 15, 1994, which, in a proceeding by petitioner tenant shareholder to compel respondent cooperative to permit her to inspect corporate books and records, insofar as appealed from, denied petitioner's request for attorneys' fees, unanimously affirmed, without costs.

Petitioner's application to inspect respondent's books and records was granted on the basis of her right thereto under the common law and Business Corporation Law § 624, no finding having been made that such a right also existed under the proprietary lease. Absent a finding of a lease violation by respondent, petitioner has no right to attorneys' fees under Real Property Law § 234. Concur—Murphy, P. J., Sullivan, Rosenberger and Asch, JJ.