■ JORDAN A. COHN et al., Respondents, v WHITE OAK CoOPERATIVE HOUSING CORP., Appellant. [663 NYS2d 62] —In an action, *inter alia*, for a judgment declaring the parties' rights under an occupancy agreement, the defendant appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered August 13, 1996, which granted the plaintiffs' motion for a preliminary injunction enjoining the defendant from, *inter alia*, terminating the occupancy agreement, and denied the defendant's cross motion to dismiss the complaint.

Ordered that the order is modified, on the law, by adding thereto a provision requiring the plaintiffs to file in the office of the Clerk of the Supreme Court, Westchester County, an undertaking pursuant to CPLR 6312 (b) and to serve proof of the filing of the undertaking on the defendant; as so modified, the order is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Westchester County, to fix the amount of the undertaking and the date by which the undertaking is to be filed and proof thereof served on the defendant, after an opportunity by the parties to be heard, unless the parties stipulate to the amount of the undertaking.

We agree with the Supreme Court's conclusion that the defendant's letter of April 7, 1995, which asked the plaintiffs to remedy the alleged violation of the defendant's rules and regulations by April 21, 1995, did not constitute a valid notice to cure. The letter failed to advise the plaintiffs which provision or provisions of the rules and regulations were at issue or the possible consequences of their failure to comply (*see, Ellivkroy Realty Corp. v HDP 86 Sponsor Corp.*, 162 AD2d 238; *Garland v Titan W. Assocs.*, 147 AD2d 304, 310-311; *Filmtrucks, Inc. v Express Indus. & Term. Corp.*, 127 AD2d 509). The plaintiffs' application for a *Yellowstone* injunction (*see, First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630) was therefore timely, and the plaintiffs demonstrated their entitlement to the injunction with evidence showing the threat of forfeiture and the ability to cure by means short of vacatur of the occupancy agreement in the event they are found

to be in default of their obligations under the occupancy agreement (*see, Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 25-26; *Jemaltown of 125th St. v Leon Betesh/Park Seen Realty Assocs.*, 115 AD2d 381).

It was improper, however, for the Supreme Court not to direct the plaintiffs to file a suitable undertaking (*see,* CPLR 6312 [b]; *Peron Rest. v Young & Rubicam,* 179 AD2d 469; *Times Sq. Stores Corp. v Bernice Realty Co.,* 107 AD2d 677, 681). We have therefore modified the order on appeal by adding a provision requiring the plaintiffs to file an undertaking in an amount to be fixed by the Supreme Court after an opportunity to be heard, unless the parties can stipulate to the amount of the undertaking (*see, Times Sq. Stores Corp. v Bernice Realty Co., supra*).

The defendant's remaining contentions are without merit. Mangano, P. J., Copertino, Altman and Goldstein, JJ., concur.