■ JOHN KUTTAS, Appellant, v JOHN CONDON, Respondent. [736 NYS2d 402] —In an action, inter alia, for a judgment declaring that the plaintiff tenant is in compliance with the terms of a lease with the defendant landlord, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated February 22, 2001, which denied his motion for an award of a reasonable attorney's fee and expenses pursuant to Real Property Law § 234.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment in favor of the plaintiff and against the defendant including an attorney's fee and expenses incurred before the appeal in the sum of $17,657.50, without prejudice to the plaintiff further seeking, if he be so advised, an award of an attorney's fee and expenses incurred on this appeal other than those included in the award of "costs" in this decision and order.

The defendant served a combined notice to cure and to surrender possession of the plaintiff's premises (hereinafter the Combined Notice), necessitating the plaintiff's commencement of this declaratory judgment action and motion for a *Yellow-*

*stone* injunction (*see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630). The defendant answered and asserted a counterclaim for a judgment declaring that the leasehold had terminated and that the defendant was entitled to possession of the apartment at issue. The defendant's counterclaim was grounded in the same alleged violations of the provisions of the lease for which he served the Combined Notice. The plaintiff prevailed on his complaint and successfully defended against the defendant's counterclaim.

The Supreme Court erred in denying the plaintiff's motion to recover a reasonable attorney's fee and expenses pursuant to Real Property Law § 234. This statute established the reciprocal right of a tenant to recover an attorney's fee and expenses when the same benefit is bestowed upon the landlord under the parties' lease (*see, Matter of Duell v Condon,* 84 NY2d 773, 780). Paragraph 18 of the lease between the plaintiff tenant and the defendant landlord provided that the landlord was entitled to recover legal expenses and an attorney's fee "[i]n case of any * * * default [by the tenant in fulfilling any of the covenants of this lease] and/or dispossess by summary proceedings or otherwise."

Here, the defendant's service of the Combined Notice and his assertion of a counterclaim for a judgment declaring that the leasehold had terminated and that the defendant was entitled to possession of the apartment fall within the broad language of paragraph 18 of the lease which, had the defendant prevailed, would have entitled him to the recovery of an attorney's fee and expenses for his efforts in dispossessing the plaintiff of the premises "by summary proceeding *or otherwise*" (emphasis supplied). The reasonable construction is that the plaintiff is entitled to a reciprocal right to an attorney's fee for his successful defense to the defendant's counterclaim, in the same manner as he would have been in the successful defense of a summary proceeding arising out of alleged breaches of the lease. To hold otherwise based upon the procedural course the plaintiff was required to follow in order to protect his leasehold interest would eviscerate the Legislature's intent in enacting Real Property Law § 234 to "redress the recognized inequality at the bargaining table between landlord and tenant, and to protect the public interest involved" (*Cier Indus. Co. v Hessen,* 136 AD2d 145, 150; *see also, Matter of Duell v Condon, supra,* at 780).

No hearing is required on the amount of an attorney's fee and expenses sought by the plaintiff prior to taking this appeal since the defendant did not contest the reasonableness of the

requested fee and expenses (*see, Guiliano v Carlisle,* 236 AD2d 364, 365; *Kumble v Windsor Plaza Co.,* 161 AD2d 259). Thus, the Supreme Court shall enter judgment in the plaintiff's favor in the sum of $17,657.50. Luciano, J.P., Townes, Crane and Prudenti, JJ., concur.