In a commercial summary holdover proceeding, the petitioner landlord appeals from an order of the Supreme Court, Kings County (Bonina, J.), dated December 26, 2002, which granted that branch of the motion of the tenant Le K Restaurant Corporation which was to dismiss the proceeding on the ground that the petitioner’s notice to cure was not a valid notice to cure.
Ordered that the order is reversed, on the law, with costs, that branch of the motion which was to dismiss the proceeding on the ground that the petitioner’s notice to cure was not a valid notice to cure is denied, and the matter is remitted to the Supreme Court, Kings County, to determine the remaining branch of the tenant’s motion which was to dismiss the proceeding and for further proceedings consistent herewith.
The petitioner landlord entered into a commercial lease with the tenant, Le K Restaurant Corporation (hereinafter the tenant). The landlord sought to evict the tenant, alleging that the *366 tenant transferred possession of the demised premises to High Spirits, LLC, without its consent. The Supreme Court dismissed the proceeding on the ground that the landlord’s letter dated July 2, 2002, did not constitute a valid notice to cure. We reverse.
The letter dated July 2, 2002, alleged that the tenant was in violation of article 49 of the lease which prohibited assignment of the lease, subletting, or transfer of possession or use by others without the consent of the landlord, on the ground that “High Spirits LLC is in possession of the space.” The letter specified that it was “the required twenty (20) day notice to cure default as required by Article 17 of the Lease” and unless the tenant cured the breach within the specified 20-day period, the landlord “shall be entitled to resort to the full battery of rights and remedies available under the Lease.” Article 17 of the lease permitted the landlord to serve a notice of cancellation of the lease in the event the tenant fails to comply with a 20-day notice to cure.
Accordingly, the tenant was advised of the lease provisions in issue, the alleged violations of those provisions, the time allowed for compliance with the notice to cure, and the possible consequences of a failure to comply with the notice to cure. Under the circumstances, the contents of the letter satisfied the requirements of a notice to cure (see Cohn v White Oak Coop. Hous. Corp., 243 AD2d 440 [1997]; Filmtrucks, Inc. v Express Indus. & Term. Corp., 127 AD2d 509 [1987]; NL Indus. v PaineWebber, Inc., 720 F Supp 293 [1989]).
The remaining branch of the tenant’s motion to dismiss remains pending and undecided and therefore is not before this Court (see Jakacic v Jakacic, 279 AD2d 551, 553 [2001]; Katz v Katz, 68 AD2d 536, 543 [1979]). We further note that the merits of the parties’ controversy is not before us and we express no opinion thereon. Santucci, J.E, S. Miller, Goldstein and Cozier, JJ., concur.