■ SUSAN I. HOPP, Appellant, v MICHAEL RAIMONDI, Respondent. [858 NYS2d 300]—

In an action, inter alia, for a judgment declaring that the plaintiff has not violated the terms of a residential lease, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated August 28, 2007, which denied her motion for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]).

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for a *Yellowstone* injunction is granted, and the matter is remitted to the Supreme Court, Westchester County, to set an appropriate undertaking.

The plaintiff has resided in a rent-controlled apartment in Bronxville since 1967. When the plaintiff's building was converted to cooperative ownership in the mid-1980's, she did not purchase the shares designated for her unit, and remained

in residence as a rent-controlled tenant. In January 2003 the defendant purchased the shares and proprietary lease to the plaintiff's apartment. A dispute subsequently arose between the parties as to whether the lease required the plaintiff to provide the defendant with the key to the lock on her apartment door, which the plaintiff claims is the same lock that was present when she moved in more than 40 years ago.

On or about June 29, 2007, the defendant served the plaintiff with a combined notice to cure and surrender possession, alleging that she had violated her lease by changing her lock and failing to provide him with a key. Prior to the expiration of the cure period, the plaintiff commenced this action seeking, inter alia, a judgment declaring that she had not violated the terms of the lease. Upon commencement of the action, the plaintiff also moved, by order to show cause, for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]). After the Supreme Court (Nastasi, J.) refused to grant the plaintiff a temporary restraining order staying the defendant from terminating her tenancy and tolling her time to cure the alleged default pending the hearing and determination of the motion, the requested temporary restraining order was granted by this Court. In the order appealed from, the Supreme Court (Smith, J.) subsequently denied the plaintiff's motion for a *Yellowstone* injunction, concluding that such relief was available only to commercial tenants, or to residential tenants who also own the shares designated for their cooperative units. We reverse.

The purpose of a *Yellowstone* injunction is to allow a tenant confronted by a threat of termination of the lease to obtain a stay tolling the running of the cure period so that after a determination on the merits, the tenant may cure the defect and avoid a forfeiture of the leasehold (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514 [1999]; *Post v 120 E. End Ave. Corp.*, 62 NY2d 19 [1984]). Although *Yellowstone* injunctions are more commonly sought to protect a tenant's interest in a commercial lease (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508 [1999]), *Yellowstone* relief also has been granted to residential tenants (*see Post v 120 E. End Ave. Corp.*, 62 NY2d 19 [1984]; *Kuttas v Condon*, 290 AD2d 492 [2002]; *Cohn v White Oak Coop. Hous. Corp.*, 243 AD2d 440 [1997]; *Somekh v Ipswich House*, 81 AD2d 662 [1981]; *Wuertz v Cowne*, 65 AD2d 528 [1978]).

The 1982 enactment of RPAPL 753 (4), which affords a losing residential tenant a 10-day period to cure lease violations before

being subject to removal, has largely eliminated the need for *Yellowstone* injunctions in New York City (*see Post v 120 E. End Ave. Corp.*, 62 NY2d 19 [1984]; *Brodsky v 163-35 Ninth Ave. Corp.*, 103 AD2d 105 [1984]). However, since RPAPL 753 (4) applies only in New York City, elsewhere in the state "the only time available to a residential tenant within which a lease violation may be cured is the time provided in the notice to cure" (*Landmark Props. v Olivo*, 10 Misc 3d 1, 2 [2005]). Thus, "[o]utside the City of New York, the only means to extend the time to cure is injunctive relief . . . which relief must be sought within, and must operate to toll, the cure period provided by lease provision or predicate notice (depending on the type of tenancy at issue) *before* this period runs and the lease terminates. Otherwise, the courts are powerless to revive the expired lease" (*id.*).

Since the subject apartment is located outside of New York City and the plaintiff is thus not entitled to the protection of RPAPL 753 (4), the defendant's service upon her of the combined notice to cure and surrender possession necessitated the commencement of this declaratory judgment action and the application for *Yellowstone* relief in order to toll the running of the cure period and avoid a forfeiture of her leasehold in the event of an adverse determination (*see Kuttas v Condon*, 290 AD2d 492 [2002]). Furthermore, contrary to the Supreme Court's determination, neither the Court of Appeals' decision in *Post v 120 E. End Ave. Corp.* (62 NY2d 19 [1984]), nor our decision in *Cohn v White Oak Coop. Hous. Corp.* (243 AD2d 440 [1997]), limits the availability of *Yellowstone* injunctions only to those residential tenants who also own the shares designated for their cooperative units. Accordingly, the Supreme Court should have granted the plaintiff's motion for a *Yellowstone* injunction in order to preserve the plaintiff's right to cure in the event it is determined that she violated the lease (*see Post v 120 E. End Ave. Corp.*, 62 NY2d 19 [1984]; *Kuttas v Condon*, 290 AD2d 492 [2002]; *Cohn v White Oak Coop. Hous. Corp.*, 243 AD2d 440 [1997]; *Somekh v Ipswich House*, 81 AD2d 662 [1981]; *Wuertz v Cowne*, 65 AD2d 528 [1978]). We thus grant the plaintiff's motion, and remit the matter to the Supreme Court, Westchester County, to set an appropriate undertaking (*see Marathon Outdoor v Patent Constr. Sys. Div. of Harsco Corp.*, 306 AD2d 254 [2003]; *Cohn v White Oak Coop. Hous. Corp.*, 243 AD2d 440 [1997]; *Sportsplex of Middletown v Catskill Regional Off-Track Betting Corp.*, 221 AD2d 428 [1995]; *Somekh v Ipswich House*, 81 AD2d 662 [1981]). Lifson, J.P., Miller, Dillon and Eng, JJ., concur.