416 W 25th St. Lender LLC v 416 W. 25th St. Assoc., LLC (2020 NY Slip Op 02183)





416 W 25th St. Lender LLC v 416 W. 25th St. Assoc., LLC


2020 NY Slip Op 02183


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


11351 850242/18

[*1]416 W 25th Street Lender LLC, Plaintiff-Appellant,
v
416 W. 25th Street Associates, LLC, et al., Defendants-Respondents, New York City Environmental Control Board, et al.,Defendants.


Katsky Korins LLP, New York (Robert A. Abrams and Steven H. Newman of counsel), for appellant.
Oved & Oved LLP, New York (Aaron J. Solomon of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about May 14, 2019, which, inter alia, granted the motion by defendants 416 W. 25th Street Associates, LLC and Andreas Steiner (collectively, defendants) to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff's notice to cure was deficient, as it failed to inform the borrower of the 30-day period to cure, which was a critical portion of section 21 of the Consolidation, Extension and Modification Agreement (CEMA) (see Filmtrucks, Inc. v Express Indus. & Term. Corp. , 127 AD2d 509, 510 [1st Dept 1987]; PNC Capital Recovery v Mechanical Parking Sys. , 283 AD2d 268, 271 [1st Dept 2001], appeal dismissed 98 NY2d 763 [2002]).
Plaintiff contends that even if paragraph 21 of the CEMA required written notice that defendant borrower had 30-days to cure its non-monetary default, such written notice was provided to borrower by virtue of its June 28, 2018 email sent in response to the default letter, which stated: "Our position is that the lien needs to be removed within 30 days of the letter we sent you." Plaintiff additionally asserts that borrower was provided with more than 30 days to cure its default. The CEMA, however, requires written notice to be sent by hand; via certified mail, return receipt requested; or by overnight courier with evidence of receipt. The email did not meet this requirement, or the specificity required of a notice to cure (see Filmtrucks, Inc. at 510-511).
The motion court should not have reached the merits of the foreclosure claim, raised for the first time on reply, and we decline to address the arguments regarding that claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK