Webster v Forest Green Apt. Corp. (2023 NY Slip Op 04395)

Webster v Forest Green Apt. Corp.

2023 NY Slip Op 04395

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-01296
 (Index No. 614137/17)

[*1]John A. Webster II, appellant, 
v
Forest Green Apartment Corporation, et al., respondents.

The Price Law Firm LLC, New York, NY (Joshua C. Price and Jennifer Milosavljevic of counsel), for appellant.
Schneider Buchel LLP, Garden City, NY (Mitchell J. Flachner, Marc H. Schneider, and Thomas E. Murray III of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of the implied warranty of habitability, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated February 9, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was, in effect, for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630) and granted the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' cross-motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff is a proprietary lessee in a cooperative building owned by the defendant Forest Green Apartment Corporation and managed by the defendant Einsidler Management, Inc. The plaintiff commenced this action, inter alia, to recover damages for breach of the implied warranty of habitability. The plaintiff moved, in effect, for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630), and the defendants cross-moved for summary judgment dismissing the complaint. In an order dated February 9, 2021, the Supreme Court denied the plaintiff's motion and granted the defendants' cross-motion. The plaintiff appeals.
"CPLR 3212(b) requires that motions for summary judgment be supported by, inter alia, a copy of the pleadings" (Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 815 [internal quotation marks omitted]). However, "[a]t any stage of an action," a court may disregard "a mistake, omission, defect or irregularity" where "a substantial right of a party is not prejudiced" (CPLR 2001). Here, although the defendants failed to attach a copy of their answer to their cross-motion for summary judgment, the defendants' answer was electronically filed and was attached to the plaintiff's motion, which was also before the Supreme Court when the court was deciding the cross-motion. Moreover, the plaintiff has not identified any prejudice that he has suffered as a result of the defendants' failure to attach their answer to their motion papers (see Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d at 815; Sensible Choice Contr., LLC v Rodgers, 164 AD3d 705, 706-707). Accordingly, the court properly disregarded the [*2]defendants' error in not attaching their answer to their cross-motion for summary judgment (see CPLR 2001).
The plaintiff correctly contends that the Supreme Court erred in granting the defendants' cross-motion for summary judgment dismissing the complaint. The defendants demonstrated, prima facie, that the plaintiff was responsible for the sole cause of his alleged damages, namely, a leaking toilet in his apartment. However, in opposition to this showing, the plaintiff raised triable issues of fact. The plaintiff submitted a report from an inspection performed on March 8, 2018, by the Suffolk County Department of Health Services, Bureau of Public Health Protection. According to this report, in March 2018, the vent pipe attached to the sewage line under the plaintiff's apartment was broken and disconnected, and there was an accumulation of "liquid and waste water" on the floor of the crawlspace under the plaintiff's apartment. This report raised triable issues of fact as to whether this broken and disconnected vent pipe had caused the water infiltration, mold, and damages that the plaintiff alleged. The defendants' contentions that the plaintiff's causes of action are barred by the settlement agreement and release in a prior federal action or are barred by the doctrine of res judicata are without merit. The report of the broken and disconnected vent pipe and accumulated liquid and waste water in the crawlspace was made nearly a year after the parties settled the prior federal action. The defendants submitted no evidence to establish when this vent pipe was broken or when, if ever, it was repaired. As such, the defendants failed to establish, prima facie, that the plaintiff's causes of action arose entirely from conduct that occurred before the May 2017 settlement agreement and release (see Webster v Forest Green Apt. Corp., 174 AD3d 668, 668-670). Accordingly, the court should not have granted the defendants' cross-motion for summary judgment dismissing the complaint.
"A Yellowstone injunction maintains the status quo so that a commercial tenant, when confronted by a threat of termination of its lease, may protect its investment in the leasehold by obtaining a stay tolling the cure period so that upon an adverse determination on the merits the tenant may cure the default and avoid a forfeiture of the lease" (Riesenburger Props., LLLP v Pi Assoc., LLC, 155 AD3d 984, 985 [internal quotation marks omitted]). "Although Yellowstone injunctions are more commonly sought to protect a tenant's interest in a commercial lease, Yellowstone relief also has been granted to residential tenants" (Hopp v Raimondi, 51 AD3d 726, 727 [citation omitted]). "[S]ince courts cannot reinstate a lease after the lapse of time specified to cure a default, an application for Yellowstone relief must be made not only before the termination of the subject lease . . . but must also be made prior to the expiration of the cure period set forth in the lease and the landlord's notice to cure" (Goldcrest Realty Co. v 61 Bronx Riv. Rd. Owners, Inc., 83 AD3d 129, 132-133 [citation and internal quotation marks omitted]). This rule applies where the subject lease is a proprietary lease in a residential cooperative (id. at 133). Moreover, "motions for preliminary injunctions pursuant to CPLR 6301, like motions for Yellowstone injunctions, must also be made prior to the expiration of the cure period" (id. at 135).
Here, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, for a Yellowstone injunction. The plaintiff sought this injunctive relief more than two months after his time to cure his nonpayment of maintenance had expired. As such, the plaintiff was not eligible for a Yellowstone injunction or a preliminary injunction pursuant to CPLR 6301 (see Goldcrest Realty Co. v 61 Bronx Riv. Rd. Owners, Inc., 83 AD3d at 132-133, 135).
In light of the foregoing, we need not reach the plaintiff's remaining contention.
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court