1454 St. Nicholas LLC v SDM Concrete LLC. (2024 NY Slip Op 51482(U))

[*1]

1454 St. Nicholas LLC v SDM Concrete LLC.

2024 NY Slip Op 51482(U)

Decided on October 30, 2024

Civil Court Of The City Of New York, New York County

Marcus, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 30, 2024
Civil Court of the City of New York, New York County

1454 St. Nicholas LLC, Petitioner,

against
SDM Concrete LLC.; XYZ CORP., Respondents.

Index No. LT-305865-22/NY

Petitioner: KAPLAIN & DUVAL, LLP, 647 Franklin Ave Ste 202, Garden City, NY 11530-5746
Defendant Belkin Burden Goldman LLP, 60 East 42nd Street 16th Floor, New York, NY 10165

Ilana J. Marcus, J.

Recitation, as Required by CPLR §2219 (A), of the Papers Considered in the Review of this Motion:
Papers Numbered
Order to Show Cause, Affidavits, Exhibits 1
Opposing Affidavits 2
Replying/supplement Affirmations
Exhibits
Other
In this commercial landlord-tenant non-payment proceeding, the parties fully executed a two-attorney stipulation of settlement dated August 31, 2022 (see NYSCEF Doc. No. 10). Respondent defaulted on the settlement agreement and petitioner moved to execute the warrant of eviction. Respondent filed the instant order to show cause to stay the execution of the warrant, as well as to vacate the stipulation of settlement, judgment of possession and warrant of eviction due to frustration of purpose and impossibility of performance. Petitioner submitted opposition. The court heard oral argument on October 15, 2024. Respondent's order to show cause is denied as follows:
"Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State, 64 NY2d 224, 230 [1st Dept 1984]). When entered into knowingly, voluntarily, and with counsel, a party should not be relieved from the terms of the stipulation of settlement absent a showing of fraud, collusion, mistake, accident, or some other ground of the same nature (see In re Frutiger's Est., 29 NY2d 143 [1971]).
As per the parties' stipulation of settlement, respondent agreed to pay petitioner $3,484.48 on or before the fifth day of each month, in addition to current base and additional rent, from September 2022 through August 2024 (see NYSCEF Doc. No. 10, ¶¶6, 7). It is undisputed that respondent stopped making payments on or about September 2023 and onward (see NYSCEF Doc. No. 15, ¶9). Respondent argues that it should be relieved from its obligations under the parties' stipulation because in May, June, August, and November of 2023, and January 2024, there were leaks from the roof of the building in which respondent's store is located, as well as in the basement, that caused "approximately over $130,000 in inventory [sic] and made parts of the Store unusable" (id., ¶10). Respondent submits pictures that show a wet floor in an unidentifiable portion of the building, as well as wet inventory consisting of clothes and shoes in what appears to be respondent's storage area (see NYSCEF Doc. No. 21).
To invoke the doctrine of frustration of purpose, "the frustrated purpose must be so completely the basis of the contract that, as both parties understood, without it, the transaction would have made little sense" (Warner v Kaplan, 71 AD3d 1 (1st Dept 2009] citing 22A NY Jur 2d Contracts § 375). Likewise, the doctrine of "[i]mpossibility excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible" (id., quoting Kel Kim Corp. v Cent. Markets, Inc., 70 NY2d 900 [1987]). Neither of these doctrines are available as a defense to breach of contract "where the event which prevented performance was foreseeable and provision could have been made for its occurrence" (id. [quotations omitted]).
Here, giving respondent the benefit of every doubt and assuming all of its allegations are true, leaks to the building's roof — while unfortunate — were foreseeable. Paragraph 48 of the parties' lease requires respondent to maintain property damage and extended coverage insurance for the full replacement value of respondent's contents at the subject premises (see NYSCEF Doc. No. 17, ¶48). The parties' lease further prohibits any counterclaims and/or set offs claimed by respondent (see id., ¶¶4, 25).
Moreover, respondent failed to establish that the leaks to the building's roof made it impossible to run its store. Respondent stated that the leaks only caused a portion of the store to be unusable. While respondent claims that $130,000 of inventory was damaged, it does not meet the burden establishing it was constructively evicted from a part or all of the premises.
Likewise, respondent failed to establish how the leaks to the building's roof frustrated the purpose of the parties' stipulation of settlement to the extent that respondent would not have entered into it had it known the leaks would occur. At the time the parties entered the stipulation, petitioner agreed to reduce what it believed to be the arrears due by $72,903.00 and permitted respondent to enter into a payment plan to repay those arrears (see NYSCEF Doc. No. 10, ¶¶3, 6). Respondent fails to address this or set forth any other specific argument how the alleged leaks frustrated the purpose of the stipulation of settlement in its order to show cause.
Respondent makes a final argument in its papers, arguing that petitioner's notice of default was defective. Specifically, respondent argues that the notice does not contain a termination date and fails to specifically state the arrears due on its face (see NYSCEF Doc. No. 15, ¶¶19, 20).
The parties' stipulation states that "Upon any default in payment the warrant of eviction shall execute upon service of a ten (10) day notice of default and right to cure served upon the Respondents attorney by e-mail to srsuttonlaw&commat;gmail.com. as well as filed through NYSCEF" (id., ¶10). Petitioner correctly served respondent with the notice to cure, which stated:
PLEASE TAKE NOTICE, that the above referenced Respondent, SDM CONCRETE [*2]LLC, is in default of the stipulation of settlement dated 8/31/22, in that said Respondent has failed to make payment pursuant to said agreement together with current rent. This notice is served pursuant to the aforesaid stipulation. See annexed stipulation and rental ledger.
(NYSCEF Doc. No. 12). Petitioner attached the parties' stipulation of settlement and a monthly ledger to its notice indicating missed payments (see id.).
The purpose of a notice to cure default "is to specifically apprise the tenant of claimed defaults in its obligations under the lease and of the forfeiture and termination of the lease if the claimed default is not cured within a set period of time" (Filmtrucks, Inc. v Express Indus. & Terminal Corp., 127 AD2d 509 [1st Dept 1987]). "[T]he appropriate standard for assessment of the adequacy of notice is one of reasonableness in view of all attendant circumstances" (Hughes v Lenox Hill Hosp., 226 AD2d 4 [1st Dept 1996]). A notice of default is defective if it fails to inform the tenant of the condition that needs to be cured (see Chinatown Apartments, Inc. v Chu Cho Lam, 51 NY2d 786 [1980]).
Here, petitioner's notice to cure is reasonable and adequate in view of all attendant circumstances. It references and attaches the parties' stipulation of settlement and states that respondent failed to make payments as per the agreement. The notice also references the attached ledger that indicates which months' payments were not made, which months' payments were made, and a total amount due. Moreover, the attached and referenced stipulation itself states that the warrant of eviction shall execute upon service of a 10-day notice of default and right to cure, putting respondent on notice that its occupancy will be terminated in 10 days of service of the notice if the default is not cured.
Finding no legal reason to set aside the parties' stipulation of settlement, respondent's order to show cause is denied without prejudice for respondent to resolve any breach of contract claim in a plenary action.
Accordingly, it is hereby,
ORDERED, that respondent's order to show cause is denied without prejudice for respondent to resolve any breach of contract claim in a plenary action, and all stays are lifted.
This constitutes the decision and order of the court.
DATED: October 30, 2024
New York, NY
ENTER:
ILANA J. MARCUS
Judge of the Civil Court